LARS VAAGE, Respondent, *v.* CLINTON J. LEWIS et al., Appellants. NATIONWIDE MUTUAL INSURANCE COMPANY, Intervenor-Appellant.

Second Department, March 4, 1968.

James T. Whalen (*Charles G. Pillon* of counsel), for appellants.

*Charles G. Pillon* for intervenor-appellant.

*Schwartz, Levitt & Sommer* (*Arthur Blitz* of counsel), for respondent.

CHRIST, Acting P. J. This appeal brings to the surface another of the difficult ramifications of *Seider* v. *Roth* (17 N Y 2d 111), recently adhered to in *Simpson* v. *Loehmann* (21 N Y 2d 305). The four opinions in *Simpson* demonstrate the complexity and dissatisfaction with the *Seider* v. *Roth* principle that a plaintiff may obtain in rem jurisdiction over a defendant by attaching the latter's insurance company's obligation to defend and indemnify. The order under review denied the defendants' motion *inter alia* to vacate the attachment.

The facts are undisputed. Unlike *Seider* and *Simpson,* the plaintiff in this appeal is not a New York resident. He is a Norwegian. The defendants are North Carolinians, the automobile accident occurred in North Carolina, the insurance carrier is an Ohio insurance company and the insurance policy covering the defendants was issued in North Carolina. The only New York contact is the rather tenuous fact that the defendants' insurance company is authorized to do business in New York.

A close reading of *Seider* and *Simpson* and the commentaries on those cases shows that the New York residency is a crucial consideration (see, e.g., Prof. David D. Siegel, Supplementary Commentary to CPLR 5201, McKinney's Cons. Laws of N. Y., Book 7B, 1967 Pocket Part, pp. 13–21, 23–31; 67 Col. L. Rev. 550 [1967] [Garnishment of Intangibles, etc.]). Yet we must be mindful of the fact that the accident of a plaintiff's residence does not bear directly on the substance of a court's jurisdiction and power over a defendant, particularly when an in rem concept is involved. When the *res* is here in New York, that is the jurisdictional fulcrum.

The conclusion of Chief Judge FULD's analysis in *Simpson* is that "where the plaintiff is a resident of the forum state and the insurer is present in and regulated by it, the state has a substantial and continuing relation with the controversy" and "for jurisdictional purposes, in assessing fairness under

the due process clause and in determining the public policy of New York, such *factors* loom large '' (p. 311; emphasis added). Judge BREITEL, in concurring, anticipated the danger that the present appeal exemplifies (p. 316): `` On the basis of the rule in the *Seider* case, it will be the rare plaintiff who cannot invoke the jurisdiction of New York courts, even though only quasi in rem, since it will be a very small insurance company that does not have a palpable contact with this State ''. Judge BERGAN concurred in this opinion. Judge BURKE dissented in *Simpson,* as he did in *Seider,* and he spelled out anew that a State must have a sufficient interest in an insurance relationship or in an accident in order to justify the interference of its courts in an adjudication (see *Watson* v. *Employers Liab. Assur. Corp.,* 348 U. S. 66). Neither consideration is present in this appeal. Judge BURKE concluded as follows (pp. 318–319): `` *Seider* may be upheld only if we may constitutionally provide for our residents (and for all who would later come into our courts, *Seider* would seem to allow) an umbrella of protection, including venue at the plaintiff's convenience and without any regard for the convenience of defendants or the availability of witnesses, unlimited in its extent, only if we may say to such persons that no matter which State or nation they travel to they carry with them the right to bring back to the New York courts for adjudication controversies otherwise completely local in character.''

The commentary attacks upon *Seider* are amply set forth in the opinions in *Simpson.* However, quickly following the decision in *Simpson,* Professor Siegel had more to say: `` This doctrine, which determines whether a state may exercise jurisdiction based on the ' contacts ' that the state has with the case, evolved and has been applied in in personam cases, notably those involving ' longarm ' statutes such as CPLR 302. It has not been accorded a place in in rem cases up to now but, for the purpose of determining the constitutionality of what Seider seeks to do, it appears to have equal relevance.

`` The very fact that this ' contacts ' doctrine, born in in personam cases, seems obviously in point in the Seider case, strongly corroborates the argument so frequently made: that Seider is merely an in personam case parading in an in rem disguise. * * *

`` As Judge BURKE further indicated, Seider cases are being brought even where the plaintiff is not a New York resident, leaving the mere fact of the insurer's local office as the exclusive basis for the exercise of jurisdiction. Citing one such case [our present appeal], in which a Norwegian brought suit

in New York against a North Carolinian for an accident occurring in, and relative to an insurance policy issued in, North Carolina, Judge Burke said: 'What purpose allowing [this] suit to be brought here, other than possibly increasing [plaintiff's] hope for damage award, is beyond me.'

" The issue may ultimately turn upon forum non conveniens, a doctrine which determines what cases, involving nonresidents, the state courts will or will not accept." (" Simpson Upholds Seider — Problems for Both Sides " by Prof. David D. Siegel, N. Y. L. J. [Jan. 23, 24 and 25, 1968], Jan. 23, 1968, p. 4, col. 6).

Although the defendants have been understandably reticent about advancing theories like forum non conveniens, public policy and lack of sufficient jurisdictional contacts (all out of fear of unintentionally effecting an in personam jurisdictional base), we cannot and should not close our eyes to the realities of the facts before us in this case.

The plaintiff is a nonresident. The solitary nexus for the New York courts is the fact that the defendants' insurance carrier is a foreign corporation authorized to do business in New York. Under no circumstances could these facts support an exercise of jurisdiction by the New York courts without adversely affecting the administration of justice in this State by an influx here of unwanted and unnecessary lawsuits (*Pietraroia* v. *New Jersey & Hudson Riv. Ry. & Ferry Co.,* 197 N. Y. 434). We are obliged under the circumstances of this case, where no special considerations are advanced, to dwell on the aptness of the forum non conveniens doctrine. Essentially, it is the convenience of our courts, not that of the litigants, and the practical ramifications which determine the acceptance or rejection of the doctrine in a particular case (*Williams* v. *Seaboard Air Line R. R. Co.,* 9 A D 2d 268; see, also, *Gilchrist* v. *Trans-Canada Air Lines,* 27 A D 2d 524). For this compelling reason, and also because we believe that an exercise of jurisdiction in this case would deprive the defendants of basic due process (*Hanson* v. *Denckla,* 357 U. S. 235; see *Lefcourt* v. *Sea Crest Hotel & Motor Inn,* 54 Misc 2d 376), the order should be reversed, on the law, without costs, and the defendants' motion granted.

Brennan, Rabin, Benjamin and Martuscello, JJ., concur.

Order reversed, on the law, without costs, and defendants' motion granted. The findings of fact below, upon the undisputed facts, are affirmed.