MARCIA SELIGMAN, Respondent, v. NORMAN E. TUCKER, Appellant.

MARGUERITE D. VOGT, as Administratrix of the Estate of GERALDINE A. VOGT, Deceased, Respondent, v. JOHN WOODFIN, as Administrator of the Estate of EUGENE MURPHY, Appellant.

Fourth Department, January 9, 1975.

*Miller, Bouvier, O'Connor & Cegielski* (*Gerald Bouvier* of counsel), for appellants.

*Eugene C. Tenney* (*Richard B. Scott* of counsel), for Marcia Seligman, respondent.

*Grimm & Grimm* (*Richard A. Grimm, Jr.,* of counsel), for Marguerite D. Vogt, respondent.

WITMER, J. P.   The sole issue presented on the appeals in these two cases is whether New York courts must give full effect to a provision in a casualty insurance policy issued in another State that the insurer shall have no obligation thereunder in a State where the presence of an insurer-obligor provides the sole basis of jurisdiction over the insured.

In the *Seligman* case plaintiff Marcia Seligman is a resident of Erie County, New York.   An automobile owned by defendant, Norman E. Tucker, of the District of Columbia and operated by his son, Amos W. Tucker (then of Suffolk County, Massachusetts, but now deceased), struck the plaintiff, a pedestrian, in Suffolk County, Massachusetts in February, 1971, injuring her.   Nationwide had issued a policy of casualty insurance to defendant Tucker upon said vehicle, which policy was in effect at the time of the accident.   Nationwide was duly authorized to do business and had offices for doing business in the State of New York.   In January, 1973 plaintiff procured an order of

attachment on that insurance policy as property of the defendant in New York and instituted this action by service of the order upon Nationwide in New York and of the summons and complaint upon the defendant Tucker in the District of Columbia.

In the *Vogt* case plaintiff's intestate was a resident of Erie County, New York, as is plaintiff, Marguerite D. Vogt, the administratrix of the estate of that decedent. On April 14, 1973 the decedent was a passenger in a vehicle owned by defendant Viola M. Lozo (also a resident of Erie County, New York) and operated by defendant Kenneth A. Lozo in the State of Florida when it collided with an automobile owned and operated by Eugene Murphy, now deceased, who then resided in Nashville, Tennessee. Defendant John Woodfin has been duly appointed in Tennessee as administrator of the estate of said Eugene Murphy, deceased, and he resides in Murfreesboro, Tennessee. Plaintiff's intestate was seriously injured in the collision and died because thereof. Nationwide, of Columbia, Ohio, had issued a policy of casualty insurance to Eugene Murphy upon the vehicle he was operating at the time of this collision, which policy was in effect at that time. As in *Seligman* it is alleged and not denied that Nationwide is authorized to do business and is doing business in the State of New York. In October, 1973 plaintiff obtained an order of attachment of property (to wit, the above-mentioned insurance policy) of the estate of Eugene Murphy in New York. This action was instituted by service of the order of attachment upon Nationwide in New York and of the summons and complaint upon defendant John Woodfin, as administrator of the estate of Eugene Murphy, deceased, in Tennessee.

Defendants-appellants appeared in the respective actions. In *Seligman* defendant-appellant moved to vacate the order of attachment of the policy on the ground that no *res* exists in New York for such attachment. In *Vogt* defendant-appellant interposed an answer in which he alleged as an affirmative defense that the court lacks jurisdiction over him because he has no property in New York subject to attachment under the order of attachment, and he moved to vacate the attachment because thereof.

Each policy contains the following provision: " The Company shall have no obligation to indemnify, pay to or on behalf of, or defend any person entitled to protection under this policy where such obligations or this policy provide the sole basis of jurisdiction of the court over said persons, such obligations, or this policy."

It is apparent, and acknowledged by appellants, that such provision was incorporated into Nationwide's policies for the purpose of avoiding the operation of the principle of law declared and adopted in the State of New York in *Seider* v. *Roth* (17 N Y 2d 111) and adhered to in *Simpson* v. *Loehmann* (21 N Y 2d 305). In *Seider* the court held that a New York resident, injured in a negligence accident in another State by an owner of an automobile insured (against damage to others) by an insurance company authorized to do business in the State of New York and having an office therefor in New York, could procure an order against the insurer for the attachment of the policy as an asset of its insured in this State; and that this order of attachment, served on the insurer, gives the New York resident *quasi in rem* jurisdiction over the insured upon service of the summons and complaint upon the insured outside of this State in an action in New York for damages for injury caused by the latter's negligence. The adoption of this jurisdictional principle followed years of extension of the bases for acquisition by New York residents of jurisdiction over nonresidents with respect to out-of-State contracts and torts (see *International Shoe Co.* v. *Washington,* 326 U. S. 310; *McGee* v. *International Life Ins. Co.,* 355 U. S. 220; *Longines-Wittnauer Watch Co.* v. *Barnes & Reinecke,* 15 N Y 2d 443; *Harris* v. *Balk,* 198 U. S. 215; *Morgan* v. *Mutual Benefit Life Ins. Co.,* 189 N. Y. 447; *Baumgold Bros.* v. *Schwarzschild Bros.,* 276 App. Div. 158, affd. 302 N. Y. 628; *Matter of Riggle,* 11 N Y 2d 73; *Oltarsh* v. *Aetna Ins. Co.,* 15 N Y 2d 111). In *Seider* and *Simpson* this was done in the interests of " a more realistic and reasonable evaluation of the respective rights of plaintiffs, defendants and the State in terms of fairness " (21 N Y 2d at p. 311). The court concluded that, in light of interests of New York residents in such actions and the control which the insurers, present and doing business in New York, have over the defense of the litigation, New York public policy justifies such extension of jurisdiction.

Nationwide, through appellants, contends that the quoted provision in the policies renders the *Seider* principle inapplicable because, it is urged, by that provision a policy ceases to be an asset of the insured in New York the moment an effort is made to seize it for the purpose of acquiring *in rem* jurisdiction of the insured. The difficulty with this argument is that it does not fit the facts. As Chief Judge DESMOND observed in *Seider* v. *Roth* (*supra,* p. 113), the moment the accident occurred the insurer's policy obligated it to do several things

for its insured, which constitute elements of a debt owing to the insured within the meaning of CPLR 5201 and 6202, to wit, "to investigate [the accident] and if expedient to negotiate or settle with the claimant" and "to pay necessary medical and similar expenses of the insured and any other injured person", and then, if action is brought against the insured, to defend and indemnify him. These obligations of the insurer constitute an attachable asset or *res* in New York, in existence at the time the order of attachment is obtained. They are not removed from the State by the provision in the policy that they should miraculously disappear and be nonexistent if attached for purposes of acquiring jurisdiction over a nonresident insured.

In *Minichiello* v. *Rosenberg* (410 F. 2d 106 and 117, cert. den. 396 U. S. 844 and rehearing den. 396 U. S. 949), wherein the constitutionality of the *Seider* v. *Roth* (*supra*) principle was attacked, Judge FRIENDLY reviewed the factual and policy aspects of *Seider*. He took special note of Judge KEATING's concurring opinion therein and upheld the constitutional right of the State of New York, as a matter of public policy in the protection of its residents, to permit its residents to attach in New York the obligation of an insurer (doing business in New York) under its policy insuring an out-of-State tort-feasor. The court concluded that the procedure was in the nature of a judicially authorized direct action against the insurer, and that even direct action, if State-authorized, would be constitutional (pp. 109–110; and see *Oltarsh* v. *Aetna Ins. Co.*, 15 N Y 2d 111, *supra*).

In *Benson* v. *Eastern Bldg. & Loan Assn.* (174 N. Y. 83) Judge CULLEN, writing for the court, quoted (p. 85) from Chief Justice SHAW's opinion in *Nute* v. *Hamilton Mut. Ins. Co.* (6 Gray 174, 181) as follows: "' But the remedy does not depend on contract, but upon law, generally the *lex fori*, regardless of the *lex loci contractus*, which regulates the construction and legal effect of the contract'"; and at page 86 Judge CULLEN stated, "nothing is better settled than that agreements of the character mentioned [i.e., to exclude jurisdiction until found by arbitrators] are void." Consonant with that decision Judge CARDOZO wrote in *Meacham* v. *Jamestown, Franklin & Clearfield R.R. Co.* (211 N. Y. 346, 354), "The jurisdiction of our courts is established by law, and it is not to be diminished, any more than it is to be increased, by the convention of the parties."

Since our Court of Appeals in *Seider* declared that a New York resident may acquire in rem jurisdiction of an insured defendant by attaching in New York a policy of insurance pro-

tecting him for his torts, such holding is part of the law and public policy of New York. Although the contractual provision inserted by Nationwide in its insurance policies in these cases is valid where made (that is, in the District of Columbia and in Tennessee), it need not as a matter of comity be recognized as valid in New York, since it contravenes our public policy (*Bond* v. *Hume*; 243 U. S. 15, 21; *Straus & Co.* v. *Canadian Pacific Ry. Co.*, 254 N. Y. 407, 414–415; 8 N. Y. Jur., Conflict of Laws, § 24). In *Bond* v. *Hume,* the court wrote (p. 21): "But elementary as is the rule of comity, it is equally rudimentary that an independent State under that principle will not lend the aid of its courts to enforce a contract founded upon a foreign law where to do so would * * * violate the public policy of the State where the enforcement of the foreign contract is sought. It is moreover axiomatic that the existence of the described conditions preventing the enforcement in a given case does not exclusively depend upon legislation but may result from a judicial consideration of the subject ".

In *Watson* v. *Employers Liability Corp.* (348 U. S. 66 [1954]) a direct action was brought in Louisiana by a resident thereof injured in Louisiana through use of a hairwaving product, allegedly made dangerous by the manufacturer. The manufacturer carried products liability insurance, the policy having been issued to it in Massachusetts. The policy contained the provision that no direct action against the insurer could be brought until after final determination of the manufacturer's liability to a claimant had been made by judgment or settlement. This provision was acknowledged to be valid and effective in Massachusetts. A statute in Louisiana, however, authorized direct action by an injured person against the insurer of the tortfeasor, and as a condition for authorization to do business in Louisiana that State required each insurance company to consent to such direct action. The insurance company had filed such consent. In that action the insurer contended that such Louisiana statutory provision and the requirement that the insurer submit to it were unconstitutional. The court held otherwise, finding that the State's interest in protecting its citizens was paramount, and that Louisiana was not required to give recognition and effect to that provision of the policy, since it was contrary to the declared public policy of that State (pp. 72–73). Thus, in these cases New York is not required to give effect to a provision in the policies which is designed to subvert the public policy of this State.

Nationwide's further contention is that the form of its policies containing the provision in question was approved by the Superintendent of Insurance of the State of New York, and so the provision should be honored by the New York courts. The Superintendent of Insurance, however, cannot vitiate or remake the public policies of this State as declared by the Court of Appeals in *Seider* v. *Roth* (17 N Y 2d 111, *supra*) and *Simpson* v. *Loehmann* (21 N Y 2d 305, *supra*), and so this argument is without merit (see *Insurance Co. of North Amer.* v. *Godwin,* 46 A D 2d 154).

Concluding, as we do, that the doctrine of *Seider* v. *Roth* (*supra*) is applicable herein despite the provision in the policies intended to avoid its operation against Nationwide and these defendants, we take note that in *Simpson* v. *Loehmann* (21 N Y 2d 305, 314 *et seq., supra*) three members of the court, in concurring, expressed dissatisfaction with the principle and the hope that it might be changed by statute or on later reconsideration by the court. In view of such expression, it is possible that the Court of Appeals might be inclined to avoid application of the principle if a sufficient reason presented itself.

In view of the recent relaxation by the Court of Appeals of the rule that the doctrine of *forum non conveniens* should not be applied when one of the parties to the action is a New York resident (*Silver* v. *Great Amer. Ins. Co.,* 29 N Y 2d 356), the court could decline to apply the *Seider* doctrine in cases where the negligent act occurred at a great distance from New York. We do not believe, however, that the doctrine of *forum non conveniens* should or can be invoked in these cases. In the first place, appellant Seligman made a motion to dismiss the action on that ground; the motion was denied; and no appeal was taken therefrom. On oral argument before us appellants expressly stated that they do not rely on that doctrine on these appeals. Secondly, under *Silver* (*supra*, p. 361) the court indicated that the doctrine should be invoked as a matter of discretion only when another forum " is available which will best serve the ends of justice and the convenience of the parties." Where a resident of New York is suing here in a personal injury action, the court may well decide in its discretion that the doctrine of *forum non conveniens* should not be applied. Surely, that was the basic premise of *Seider* v. *Roth* and *Simpson* v. *Loehmann* (*supra*).

In *Minichiello* v. *Rosenberg* (410 F. 2d 106, 117, cert. den. 396 U. S. 844 and rehearing den. 396 U. S. 949, *supra*), in considering the constitutionality of the *Seider* principle, as above noted,

Judge FRIENDLY wrote (p. 110), "While the burden on the insurer in trying a case in a state other than the locus of the accident is heavier, there has been, as we have recently noted, ' " a movement away from the bias favoring the defendant," in matters of personal jurisdiction " toward permitting the plaintiff to insist that the defendant come to him " when there is a sufficient basis for doing so.'." After a rehearing in *Minichiello* before the court *en banc* (p. 117 *et seq.*) Judge FRIENDLY further wrote (p. 119): " actions of the *Seider* type will generally be removable to the federal courts, or indeed can be brought there. Once in federal court, they become subject to the salutary provision of 28 U. S. C. § 1404 (a) that 'for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought ' * * *. Whenever a trial in New York would cause true hardship to the defendant, a remedy thus will almost always be at hand."

I think it is clear, therefore, that in a proper case the application of the *Seider* principle could be tempered by a Federal court, after transfer of the case to it on appropriate motion, by that court transferring the case to another more convenient jurisdiction. In view of the strong public policy of New York for the protection of its residents as held in *Seider,* however, it would seem that the doctrine of *forum non conveniens* should only be applied by a New York court in a case of this sort upon a formidable showing by the defendant of inconvenience and hardship in the trial of the case in New York. No such showing has been made in these cases, and as above noted no reliance is placed herein on the doctrine of *forum non conveniens*.

For the reasons above stated the order in each case should be affirmed.

MOULE, CARDAMONE and SIMONS, JJ., concur.

Orders unanimously affirmed, with costs.