Daniel G. Albert, J.
This is an application by plaintiff for an order pursuant to CPLR 6201 directing the attachment of Dudley F. Hawkes’ liability insurer’s contractual obligation to defend and indemnify as set forth under the doctrine of Seider v Roth (17 NY2d 111). By stipulation dated August 14, 1975, plaintiff has discontinued her action against Hawkes purportedly based on personal jurisdiction and has thereby implicitly agreed that plaintiff is limited to in rem jurisdiction over Hawkes.
The facts are undisputed. On February 3, 1973, plaintiff llene Donawitz, then 14 years of age, sustained a fractured leg while skiing. The plaintiff, a New Jersey resident, was treated at the Read Memorial Hospital in Hancock, New York, and was attended to by Dr. John J. Danek, a New York resident. Thereafter, on February 5, 1973, the plaintiff came under the care and treatment of Dr. Dudley F. Hawkes for the aforesaid leg injury. Dr. Hawkes, a nonresident of the State of New York, treated plaintiff in his office located in Princeton, New Jersey. Plaintiff alleges that as a result of the malpractice committed by the afore-mentioned physicians and hospital, a portion of plaintiff’s right leg was amputated. Hawkes’ liability insurance carrier is Federal Insurance Company, whose offices are located in the County of Nassau, State of New York, and which company is duly licensed to transact insurance business in the State of New York.
The plaintiff contends that New York is the only forum in which she can properly bring the action while Hawkes argues that to grant the relief requested would violate his right to basic due process in that it is his contention that the Seider doctrine is limited only to plaintiffs who are New York residents.
It is clear that in the ordinary case involving a nonresident plaintiff and a nonresident defendant where the act complained of as to that individual defendant took place outside the State of New York, in rem jurisdiction of such nonresident *1088 defendant may not be usually obtained by attachment of an insurance policy issued by an insurer doing business in New York (Vaage v Lewis, 29 AD2d 315; cf. Seider v Roth, 17 NY2d 111, supra; Minichiello r Rosenberg, 410 F2d 106). Thus, standing alone without considering any other circumstances, plaintiffs application for an order of attachment might be denied, since any act of alleged malpractice on the part of Hawkes occurred in New Jersey. However, it is the opinion of this court that the circumstances found herein compel a different conclusion.
Upon close reading, the holding in Vaage v Lewis (29 AD2d 315, supra) does not necessitate a denial of the plaintiffs application. There, a Norwegian plaintiff sued North Carolinian defendants, the automobile accident having occurred in North Carolina, and defendants’ insurance company was authorized to do business in New York. The Appellate Division, Second Department, held that the doctrine of forum non conveniens barred the courts of this State from taking jurisdiction. Mr. Justice Christ, writing for a unanimous court, stated the rationale for the application of the doctrine of forum non conveniens as follows (p 318): "The plaintiff is a nonresident. The solitary nexus for the New York courts is the fact that the defendants’ insurance carrier is a foreign corporation authorized to do business in New York. Under no circumstances could these facts support an exercise of jurisdiction by the New York courts without adversely affecting the administration of justice in this State by an influx here of unwanted and unnecessary lawsuits [citation omitted]. We are obliged under the circumstances of this case, where no special considerations are advanced, to dwell on the aptness of the forum non conveniens doctrine.”
Despite the expansive scope of the doctrine of forum non conveniens (cf. Silver v Great Amer. Ins. Co., 29 NY2d 356; CPLR 327), it is uncontroverted in the case at bar that plaintiff has properly invoked the jurisdiction of this court with respect to two New York residents, Read Memorial Hospital and John J. Danek. Analyzing Vaage (supra), it appears that the primary factor for refusing jurisdiction— mindful of the fact that the fortuitous circumstance of a plaintiffs residency does not bear directly on the court’s jurisdiction over a defendant — was the "solitary nexus” of the New York courts being the fact that defendants’ insurance carrier transacted business in New York. The court went on *1089 to note that plaintiff failed to advance other "special considerations.” It is this court’s view that faced with the circumstances as found herein, the Appellate Division would find sufficient "special considerations” to warrant retaining in rem jurisdiction over Dr. Hawkes.
As noted above, plaintiff, a New Jersey resident, met with a skiing accident, thereby suffering serious personal injuries, and was treated in a New York hospital by a New York doctor (Danek) and thereafter was treated in New Jersey by Dr. Hawkes. The "special consideration” herein is that it is the same injury arising out of the same incident in a suit brought against two New York defendants for which plaintiff sues Hawkes and, in the court’s view, the actions of all three defendants are integrally intertwined. Since jurisdiction over New York defendants has been obtained, Hawkes, a nonresident, is merely an additional defendant whose addition to the case does not seriously burden our courts (cf. Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1975-1976 Pocket Part, CPLR 5201, pp 18, 20). Under somewhat similar circumstances, in a pre-Silver case, jurisdiction was sustained in a New York Sfe/cfer-based suit brought by a Massachusetts plaintiff against a British defendant, there being a New York codefendant, and the accident that injured plaintiff having occurred in the Bahamas (see McHugh v Paley, 63 Misc 2d 1092).
It is to be noted that Read Memorial Hospital has cross-claimed against Danek alleging that any damages sustained by plaintiff were solely caused by acts of negligence of its codefendant without any negligence upon the part of the hospital, and from the papers submitted on the instant motion, the hospital would undoubtedly cross-claim against Hawkes. To deny plaintiff’s motion for an order of attachment would, in addition to imposing a great inconvenience on plaintiff, also work to the prejudice of defendant Read Memorial Hospital which claims any damages plaintiff sustained resulted from acts of negligence on the part of Danek and Hawkes. It would, therefore, be most difficult for the hospital to properly defend this action without the testimony of the two treating physicians. To require plaintiff to commence two separate lawsuits would be most unreasonable and a multiplicity of suits would surely result if a trial against the hospital and Danek were permitted without Hawkes. There are common questions of law and fact involving the same *1090 plaintiff and it is the court’s determination that the interests of justice are best served if the entire case were tried in New York against all three named defendants and all issues of fact were resolved at one trial. Indeed, this determination is even in Hawkes’ interest as it will enable him to defend plaintiff’s claim in context with the alleged acts of negligence of the other named defendants. In conclusion, under the special facts of the case herein, the court finds no violation of Dr. Hawkes’ right to due process by directing an order of attachment.
Accordingly, plaintiffs’ motion is granted to this extent: the application for an order directing the attachment of Dudley F. Hawkes’ liability insurer’s (Federal Insurance Co.) contractual obligation to defend and indemnify so as to obtain in rem jurisdiction over said defendant is granted. In all other respects, the motion is denied.