Alexander Berman, J.
This action seeks damages for the wrongful deaths of five people who were killed in an automobile accident which occurred on August 2, 1973, in the State of Alabama.
Defendants Floyd and Beasley Transportation Company, Inc. hereinafter referred to as Floyd, and Frank Fleaman, hereinafter referred to as Fleaman, move for dismissal of the complaint for the following reasons: (a) that the Statute of Limitations had run against the causes of action; (b) that the court has no jurisdiction of the subject matter; and (c) that, in any event, New York State was a forum non conveniens (CPLR 327).
Two of the deceased, to wit, James Earl Bumpers, Jr. and Deborah Sue Bumpers, were, on the date of the accident, residents of Uniondale, in the Town of Hempstead, New York. The remaining three, Norvella Smith, Rev. Frank Milton Smith and Keith Jerome Smith were, on that date, residents *549 of Providence, Rhode Island. The defendants, Floyd and Flea-man, are domiciled in the State of Alabama. One additional defendant, James Earl Bumpers, Sr., who has failed to appear in this action, although served with process, is a resident of New York State. The administrator of all of the decedents, except one, is Modine Menefee, a resident of the State of New York. The other decedent, Frank Milton Smith, is represented in administration by W. Eugene Notter, who was appointed as such in the State of Rhode Island.
In order to obtain in rem jurisdiction over the nonresident defendants, plaintiffs utilized the Seider-Roth doctrine (17 NY2d 111) by attaching the liability insurance policy issued by U.S. Fidelity and Guaranty Co. to the defendant Floyd. The order of attachment was granted after due notice to the insurance company which failed to appear on July 28, 1975, the date fixed for a hearing on plaintiffs’ application. The attachment was thereupon granted on the latter date and the Sheriff, acting thereupon, attached the policy on the same date. Thereafter, on July 30, 1975, pursuant to an order of a Justice of this court directing service of the summons and verified complaint upon the defendant Floyd by certified mail, such service was accordingly duly made in that manner. The latter order was properly made pursuant to the authority of CPLR 308 (subd 5). The action having been duly commenced, as provided for in CPLR 203 (subd [b], pars 4, 5), within the two-year period from the date of the accident, may not be dismissed by reason of the two-year Statute of Limitations.
There remains the issue of whether the court should retain in rem jurisdiction as to any or all of plaintiffs’ causes of action under the facts and circumstances of this case.
Defendants Floyd and Fleaman contend that the court should not entertain jurisdiction as to any of the causes, and, in particular, should not accept jurisdiction as to the causes of action of the three decedents who were residents of Rhode Island, since application of the Seider-Roth doctrine, they contend, is limited to resident plaintiffs. They rely, in large measure, on the landmark case of Vaage v Lewis (29 AD2d 315), decided in the Second Department on March 4, 1968. In that case, plaintiff was domiciled in Norway and defendants were residents of North Carolina and the insurance carrier was an Ohio company. The court therein decided to deny the attachment on the basis of Seider v Roth, stating (p 318):
"The plaintiff is a nonresident. The solitary nexus for the *550 New York courts is the fact that the defendants’ insurance carrier is a foreign corporation authorized to do business in New York. Under no circumstances could these facts support an exercise of jurisdiction by the New York courts without adversely affecting the administration of justice in this State by an influx here of unwanted and unnecessary lawsuits”.
The court further stated (p 318):
"We are obliged under the circumstances of this case, where no special considerations are advanced, to dwell on the aptness of the forum non conveniens doctrine.”
Although the decision in the Vaage case (supra) would, at first blush, appear to preclude jurisdiction in behalf of the nonresident plaintiffs, it is the opinion of the court that special circumstances do, in fact, exist here which constitute a substantially larger nexus for the exercise of jurisdiction than the mere attachment. These nonresident decedents were all occupants of the same automobile in which the New York residents were seated. The same accident is involved and there is no indication that a heavy burden will be imposed upon the court in permitting these nonresident decedents’ causes of action in tandem with the resident decedents’ cases. To hold otherwise would, among other things, result in a multiplicity of trials. Furthermore, to deny this relief would also result in depriving them of a remedy in any forum. The Statute of Limitations has now run against them in the State of Alabama and they could not, in any event, obtain in rem jurisdiction in Rhode Island since that State has no doctrine similar to Seider-Roth (De Rentiis v Lewis, 106 RI 240). The Rhode Island court in the latter decision held that the liability policy was not attachable property within the meaning of the applicable Rhode Island statute.
There is no doubt that in rem jurisdiction was properly invoked as to the resident decedents’ cases, at least subject to the court’s determination as to whether New York State is a forum non conveniens. The court is mindful of the rule, as now codified (CPLR 327, adopted in 1972) that mere residence is not the controlling factor and that the determination "should turn on considerations of justice, fairness and convenience” (Silver v Great Amer. Ins. Co., 29 NY2d 356, 361).
The court believes that New York is the proper forum for the trial of this action as to all of the causes in behalf of the resident and nonresident plaintiffs and that justice and fairness dictates such a determination. In arriving at this deci *551 pión, the court has considered defendants’ contention, denied by plaintiffs’ counsel, that there are eyewitnesses to the accident other than defendant Fleaman in Alabama. The court is also cognizant of the fact that defendant Fleaman, as the driver of the bus is an important witness for the defense. The police officer who, defendant asserts, will also be called to testify, did not witness the accident. On the other side of the coin, there are five sets of families who will testify regarding the elements of damage, and five sets of families who will be required to be present for the trial. Furthermore, plaintiffs’ counsel contends that there will be witnesses for plaintiffs from California, Michigan and New York who will be called by them to testify as to the happening of the accident. Additionally, it should be recalled, defendant, James Earl Bumpers, Sr., is a resident of New York. On balance, the equities for retaining jurisdiction in New York are greater than those which would impel a denial of such jurisdiction.
Accordingly, the motion to dismiss is denied. Defendant shall have 20 days after service of a copy of the proposed order to be entered herein within which to serve an answer. The court notes that the filing of an answer by the defendants will not thereby subject them to in personam jurisdiction (CPLR 320, subd [c], par 1). ^