■ ILENE DONAWITZ, an Infant, by HERBERT DONAWITZ, Her Father and Natural Guardian, et al., Respondents, v JOHN J. DANEK et al., Defendants, and DUDLEY F. HAWKES, Appellant.—In a medical malpractice action, defendant Dudley F. Hawkes appeals from an order of the Supreme Court,

Nassau County, dated November 18, 1975, which granted plaintiffs' motion to direct the attachment of appellant's liability insurer's contractual obligation to defend and indemnify him. Order affirmed, with $50 costs and disbursements. This court is again faced with but another outgrowth of the *Seider v Roth* (17 NY2d 111)—*Simpson v Loehmann* (21 NY2d 305) principle which permits a plaintiff to obtain in rem jurisdiction over a defendant by attachment of the latter's liability insurer's contractual obligation to defend and indemnify. Plaintiffs are residents of New Jersey. The infant plaintiff, 14 years of age, sustained a broken leg while skiing in Pennsylvania. She was treated for that injury on the day of the accident in the emergency room of the defendant Read Memorial Hospital in Hancock, New York, and by the defendant Dr. Danek. Two days later, she was treated in New Jersey by the defendant Dr. Hawkes, a New Jersey resident. The instant action is based upon the alleged separate acts of malpractice of each defendant which, plaintiffs claim, required the amputation of a portion of the infant plaintiff's leg. The sole question is whether the attachment of Dr. Hawkes' insurer's contractual obligation to defend and indemnify is violative of his due process rights. We hold that it is not. Although it may appear that this holding is contrary to our decision in *Vaage v Lewis* (29 AD2d 315), in point of fact, our view is supported by that case. In *Vaage* we stated (p 316): "A close reading of *Seider* and *Simpson* and the commentaries on those cases shows that the New York residency is a crucial consideration * * * Yet we must be mindful of the fact that the accident of a plaintiff's residence does not bear directly on the substance of a court's jurisdiction and power over a defendant, particularly when an in rem concept is involved. When the *res* is here in New York, that is the jurisdictional fulcrum." Again, the acquisition of jurisdiction in rem is dependent upon whether the *res* to be directly affected by the decision sought is located within the forum State. A number of cases, either expressly or impliedly, support the proposition that attachment lies where the plaintiff is a resident of the forum (see, e.g., *Simpson v Loehmann, supra; Seligman v Tucker,* 46 AD2d 402; *Minichiello v Rosenberg,* 410 F2d 106). However, it does not follow that such relief must be limited to resident plaintiffs. It has been argued that one of the principal reasons to limit *Seider* type jurisdiction to residents is that, without such limitation, blatant forum shopping would be possible (see *Vaage v Lewis, supra,* p 318). Where neither party is a resident and where the accident occurred out of State, after consideration of the relevant facts, a refusal to exercise jurisdiction would be a permissible application of the doctrine of *forum non conveniens* (see *Silver v Great Amer. Ins. Co.,* 29 NY2d 356). In the instant case, the court already had jurisdiction over codefendants Danek and Read Memorial Hospital, both New York residents. The same injury arising out of the same incident resulted in this suit against the two New York defendants, as well as against Dr. Hawkes, the New Jersey resident. The actions of all three defendants are, therefore, integrally intertwined. Dr. Hawkes is merely an additional defendant whose presence does not seriously burden our courts. Read Memorial Hospital has a cross complaint against Dr. Hawkes. To deny the plaintiffs' motion, while imposing great inconvenience upon them, would also work to the prejudice of Read Memorial Hospital, making it most difficult for the hospital to properly defend this action without the testimony of the two treating physicians. To require plaintiffs to commence two separate lawsuits would be unconscionable and would result in a multiplicity of suits. With common questions of law and fact involved, the infant plaintiff and the interests of justice are best served if the entire case is tried in New York against all three defendants and if all

issues of fact are resolved at one trial. Dr. Hawkes himself would be benefited thereby. In view of these peculiar facts, we do not find sufficient grounds for the application of the doctrine of *forum non conveniens:* Accordingly, because the *res* is located here in New York, it is the jurisdictional fulcrum which will support the order directing the attachment of Dr. Hawkes' liability insurer's contractual obligation to defend and indemnify. We note, however, that our holding is limited to the special considerations which we find in this case. In the absence thereof, we would not expand the *Seider v Roth (supra)* principle to include an action brought by a nonresident plaintiff against a nonresident defendant for an act occurring outside of this State *(Vaage v Lewis,* 29 AD2d 315, *supra).* Damiani, Rabin and Titone, JJ., concur; Cohalan, Acting P. J., and Hawkins, J., dissent and vote to reverse the order and deny the motion, with the following memorandum: This court has held that *Seider v Roth* (17 NY2d 111) attachment procedures could not be applied in favor of a nonresident plaintiff suing a nonresident defendant for an act occurring outside of the State *(Vaage v Lewis,* 29 AD2d 315). The court stated its belief that an exercise of jurisdiction in this State would deprive the defendant of basic due process. In granting *Seider v Roth* attachment against defendant Hawkes, Special Term concluded that this court would find sufficient "special considerations" to warrant retaining in rem jurisdiction over the said defendant relying, in part, upon our statement that "We are obliged under the circumstances of this case, where no special considerations are advanced, to dwell on the aptness of the forum non conveniens doctrine" *(Vaage v Lewis, supra,* p 318). Special Term found these special facts: the court already had jurisdiction over codefendants Dr. Danek and Read Memorial Hospital, both New York residents; the same injury arising out of the same incident resulted in this suit against the two New York defendants as well as against Dr. Hawkes, the New Jersey resident; the actions of all three defendants became therefore integrally intertwined; Dr. Hawkes was merely an additional defendant whose presence did not seriously burden our courts; Read Memorial Hospital would have a cross complaint against Dr. Hawkes; to deny the plaintiffs' motion, while imposing great inconvenience upon them, would also work to the prejudice of Read Memorial Hospital, making it most difficult for the hospital to properly defend this action without the testimony of the two treating physicians; to require plaintiffs to commence two separate lawsuits would be unconscionable and would result in a multiplicity of suits; with common questions of law and fact involved, the infant plaintiff and the interests of justice would be best served if the entire case were tried in New York against all three defendants and if all issues of fact were resolved at one trial; and Dr. Hawkes himself would be benefited thereby. Special Term concluded that these special circumstances justified the order directing the attachment. We disagree. The considerations in the instant case do not warrant further expansion of the *Seider v Roth (supra)* principle to include this action brought by a nonresident plaintiff against a nonresident defendant for an act occurring outside of the State (see *Vaage v Lewis, supra).* [83 Misc 2d 1086.]