145 N.J. Super. 420 (1976)
367 A.2d 1219
MARION M. HART, MICHAEL M. HART, HER HUSBAND, AND MARLENE M. HART, PLAINTIFFS,
v.
CHARLES HENRI COTE, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided November 23, 1976.
*421 Mr. Joseph E. Connolly for plaintiff (Messrs. Connolly, Vreeland & Connolly, attorneys).
Mr. M. Richard Merklinger for defendant (Messrs. Haskins, Robottom & Hack, P.A., attorneys).
*422 MARGOLIS, J.S.C.
Plaintiffs, a driver and two passengers, brought suit in this court for damages arising out of a motor vehicle accident which occurred on December 7, 1974 in Florida. Plaintiffs are and were at all times referred to herein residents of New Jersey. Defendant allegedly was and is represented as being a resident of Quebec, Canada. Defendant's insurance carrier, Travelers Insurance Company (Travelers), is a corporation authorized to conduct business and is and has been conducting business in New Jersey. Plaintiffs have attempted to effect service by certified and regular mail on defendant Cote without success, and have in fact effected service without court order on Travelers. The claim of plaintiff-driver Michael Hart has been settled by Travelers in New Jersey. The claims of the other plaintiffs-passengers, Marion Hart and Marlene Hart, remain unresolved.
Defendant has moved to dismiss the complaint prior to any responsive pleading, alleging lack of jurisdiction. The remaining plaintiffs, by way of cross-motion, seek an order attaching the proceeds of the Travelers policy to the extent of the policy limits, thus raising an issue of novel impression in this State.
Plaintiffs further urge that this court has in personam jurisdiction as a result of the service on Travelers.
There is no in personam jurisdiction over defendant Cote. While the minimum contacts rule has in the State of New Jersey been stretched to "the outermost limits of due process," Avdel Corp. v. Mecure, 58 N.J. 264 (1971), the contacts must at least be sufficient so as not to offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). While the courts of this State have extended jurisdiction over out-of-state defendants to tortious activity within the State and economic advantage sought within the State, See e.g. Blessing v. Prosser, 141 N.J. Super. 548 (App. Div. 1976); Egan v. Fieldhouse, 139 N.J. Super. 220 (Law Div. 1975); Cooke v. Yarrington, 62 *423 N.J. 123 (1973); Avdel Corp. v. Mecure, supra, this court is unaware of any authority, nor has any been cited, permitting the court to grant jurisdiction over an out-of-state defendant whose only contact with this State is to have an automobile accident with a resident of this State in another jurisdiction, or whose insurance carrier does business in this State.
A state may obtain jurisdiction over a res or property wherever the property in any form has gained a situs within the state. The obligation of the debtor to pay his debt clings to him wherever he goes. Harris v. Balk, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023 (1905). Here, plaintiffs urge that the debt alleged to be subject to attachment arises out of the liability insurance policy contract to defend and indemnify claims arising out of the contract.
Plaintiff relies in the main on Seider v. Roth, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (Ct. App. 1966). There a New York resident had an accident with a Canadian resident in Vermont, and the liability insurer of the defendant was doing business in New York. Defendant was personally served in Canada. In a 4-3 decision the court upheld attachment, in effect stating that the obligation under the insurance policy was a debt owed to a defendant by the insurer and, therefore, subject to attachment. The court stated:
It is said that by affirmance here we would be setting up a "direct action" against the insurer. That is true to the extent only that affirmance will put jurisdiction in New York State and require the insurer to defend here, not because a debt owing by it to the defendant has been attached but because by its policy it has agreed to defend in any place where jurisdiction is obtained against its insured. Jurisdiction is properly acquired by this attachment since the policy obligation is a debt owed to the defendant by the insurer, the latter being regarded as a resident of this State as Riggle holds in so many words at pages 76 and 77 of 11 N.Y.2d, at pages 417 and 418 of 226 N.Y.S. 2d, at pages 437 and 438 of 181 N.E.2d. [269 N.Y.S.2d at 102, 216 N.E.2d at 315]
Thus, Seider places much emphasis on Matter of Riggle, 11 N.Y.2d 43, 226 N.Y.S.2d 416, 181 N.E.2d 436 (Ct. *424 App. 1962). In Riggle it was held that attachment of the liability insurance policy of an Illinois resident by a New York resident, where the accident occurred in Wyoming, was permissible because the obligation to defend and indemnify constituted a sufficient debt in the State of New York for the appointment of an administrator. It is important to note that Riggle had been personally served in New York prior to his death.
Plaintiff attempts to analogize Riggle with the case of In re Gardinier, 40 N.J. 261 (1963). In Gardinier the Court held that there was statutory authority permitting letters of administration against a non resident in New Jersey, the state in which decedent's carrier was authorized to do business, and the state where the accident occurred. (See footnote in Gardinier at 268, distinguishing Riggle on that basis.) Gardinier is not an appropriate analogy. Gardinier stands as statutory authority for the issuance of letters of administration where a nonresident defendant is involved in an accident within the State, where his carrier does business in this State. While Seider is an extension of Riggle, by way of attachment as opposed to administration, Gardinier does not form a jurisdictional predicate in the case at bar.
Seider remains the law in New York. See Donowitz v. Danek, 83 Misc.2d 1086, 374 N.Y.S.2d 582 (Sup. Ct. 1975). It has been upheld on both federal and state due process constitutional grounds. Simpson v. Loehmann, 21 N.Y.2d 305, 287 N.Y.S.2d 633, 234 N.E.2d 699 (Ct. App. 1968), rearg. den., 21 N.Y.2d 990, 290 N.Y.S.2d 914, 238 N.E.2d 319 (1968); Minichiello v. Rosenberg, 410 F.2d 106 (2 Cir. en banc 1968), cert. den. 396 U.S. 844, 90 S.Ct. 69, 24 L.Ed.2d 94 (1969). Its application has been limited by the federal court to New York residents only. Farrell v. Piedmont Aviation, 411 F.2d 812 (2 Cir.), cert. den. 396 U.S. 840, 90 S.Ct. 103, 24 L.Ed. 2d 91 (1969).
In Simpson v. Loehmann, supra, it was argued that Seider violated due process because it subjected an out-of-state *425 defendant to full in personam jurisdiction if he appeared in defense of the lawsuit. The Court of Appeals, in denying reargument, rejected that argument and limited jurisdiction to the extent of the res or policy limits.
In purporting to apply Minnesota law, the federal court in that state approved of a Seider-type procedure. Rintala v. Shoemaker, 362 F. Supp. 1044 (D. Minn. 1973). Jurisdiction, however, was based on a statute which permitted garnishment for the purpose of obtaining quasi in rem jurisdiction. A federal court in Wisconsin has also approved of a Seider-type procedure. See Kirchen v. Orth, 390 F. Supp. 313 (E.D. Wis. 1975).
Seider has been rejected in almost every other state where its adoption was urged. See Housely v. Anaconda Co., 19 Utah 2d 124, 427 P.2d 390 (Sup. Ct. 1967); Howard v. Allen, 254 S.C. 455, 176 S.E.2d 127 (Sup. Ct. 1968); Ricker v. Lajoie, 314 F. Supp. 401 (D. Vt. 1970); De Rentiis v. Lewis, 106 R.I. 240, 258 A.2d 464 (Sup. Ct. 1969); Sykes v. Beal, 392 F. Supp. 1089 (D. Conn. 1975); Werner v. Werner, 84 Wash.2d 360, 526 P.2d 370 (Sup. Ct. 1975). One state which previously adopted Seider expressly limited its application to cases involving New York defendants. Forbes v. Boynton, 113 N.H. 617, 313 A.2d 129 (Sup. Ct. 1973), mod. by Robitaille v. Orciuch, 382 F. Supp. 977 (D.N.H. 1974) and Camire v. Scieszka, N.H. 358 A.2d 397 (Sup. Ct. 1976). Seider has also been the subject of criticism by Professor Siegel in his annual commentaries to New York C.P.L.R. § 5201.
California adopted Seider in the case of Turner v. Evers, 31 Cal. App.3d Supp. 11, 107 Cal. Rptr. 390 (D. Ct. App. 1973), but its Supreme Court recently unanimously rejected Seider in Javorek v. Superior Court, 17 Cal.3d 629, 131 Cal. Rptr. 768, 552 P.2d 728 (1976). In Javorek the court held that under the interim attachment statute in California there were no statutory grounds for the issuance of the writ. It held that the obligation of the insurer to defend and indemnify was too contingent for attachment *426 since the obligation would not arise in law until a judgment has been entered against the insured. In discussing the contingent nature of liability, the court stated:
* * * It is enough to say * * * there must first be a determination of the insured's liability before the insurer's obligation to indemnify matures to the extent that it becomes subject to attachment * * *. [131 Cal. Rptr. at 778]
The court then went on to criticize the rationale of Seider:
* * * We are unpersuaded by the rationale of the majority in that case because of what we perceive to be a pervasive circularity of reasoning. * * * To accept its logic it is first necessary to assume its conclusion * * *. [at 778-779]
To obtain a writ of attachment in New Jersey, R. 4: 60-5 requires a showing that (1) there is a probability that final judgment will be entered in favor of the moving party, (2) there are statutory grounds for the issuance of the writ, and (3) there is real or personal property of defendant at a specific location within this State that is subject to attachment.
While this court is mindful of the realities of modern-day tort litigation, where the liability insurer is the party actively engaged in the defense of the lawsuit, it can find no statutory basis nor case law, nor has any been cited to it, for the granting of a Seider-type of attachment under the court rules or statutes of this State. The "probability" requirement of the rule presents yet another obstacle in a suit based upon tort liability.
This court does not accept the circuitous rationale of Seider. Our rules, coupled with the lack of statutory authority, compel this court to decline to extend jurisdiction by way of attachment in the factual setting presented herein.
Defendant's motion to dismiss the complaint on grounds of lack of jurisdiction is granted and service on Travelers as the representative of defendant is quashed.
Plaintiff's cross-motion for a writ of attachment is denied.