■ JOSEPH CHRISTOVAO, Appellant, v UNISUL-UNIAO DE COOP. TRANS. DE TOMATE DO SUL DO TEJO, S.C.R.L., et al., Respondents, and ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Intervenor.—Order, Supreme Court, New York County, entered on August 4, 1976, affirmed, on the ground of *forum non conveniens* for the reasons stated by Tierney, J., at Special Term. Respondents shall recover of appellant $60 costs and disbursements of this appeal. Concur—Kupferman, J. P., Silverman and Lane, JJ.; Lupiano and Birns, JJ., dissent in the following memorandum by Lupiano, J.: While I concur that dismissal of the complaint would be appropriate on the ground of *forum non conveniens* (CPLR 327) assuming jurisdiction had been properly obtained, examination of the record mandates the conclusion that the jurisdictional objections of the defendants were waived and that dismissal of the complaint pursuant to CPLR 3211 (subd [a], par 8) as directed by Special Term was in error, rendering consideration of the applicability of the doctrine of *forum non conveniens* relevant. To predicate dismissal of the complaint solely on the ground of *forum non conveniens* without consideration of· the jurisdictional basis for application of that doctrine is improper. "Until 1972 when CPLR 327 was added to the Civil Practice Laws and Rules, the doctrine of *forum non conveniens* had not been codified in New York. The doctrine had been developed through case law to justify the stay or dismissal of actions where it is determined, upon balancing interests and conveniences of the parties and the court, that the action would be better adjudicated in another forum. It is not a jurisdictional doctrine; *its applicability presupposes that the parties are subject to the jurisdiction of the court"* (1 Weinstein-Korn-Miller, NY Civ Prac, par 327.01). (Emphasis supplied.)[1] *Forum non conveniens* is an equitable doctrine and requires a showing based upon the balancing of interests that the action is better

---

1. "Early Scottish cases dealing with a plea of *'forum non competens'* suggest that the question litigated was one of power or jurisdiction rather than discretion; but as early as 1845 it was recognized that the question was one 'on the merits' rather than one of jurisdiction, and the English words 'inconvenient forum' were used to point out the inaccuracy of the traditional Latin form" (Braucher, The Inconvenient Federal Forum, 60 Harv L Rev 908, 909). The classic American treatise on *forum non conveniens* defines the doctrine as dealing "with the discretionary power of a court to decline to exercise a *possessed jurisdiction* whenever it appears that the cause before it may be more appropriately tried elsewhere" (Blair, The Doctrine of Forum Non

adjudicated in another forum. "The doctrine * * * was first developed * * * as a means of dismissing an action *where jurisdiction was proper,* but where the ends of justice would be best served if it were litigated in a more convenient forum. The convenience here referred to was generally not the court's convenience, but that of the parties" (Note, Effect of the Common-Law Doctrine of Forum Non Conveniens on the New York Statute Granting Jurisdiction over Suits against Foreign Corporations, 26 Fordham L Rev 534, 537) (Emphasis supplied).[2] Parenthetically, it is noted that CPLR 327 specifically provides that the court may invoke the doctrine only on the motion of a party and does not provide the court's raising the plea of *forum non conveniens* on its own motion: The following factual summary will be helpful in resolving the issues: Plaintiff is a Portuguese national and a resident of New York engaged in the business of marketing and distributing food products. Defendants are Portuguese corporations, the directors and officers of which are Portuguese nationals residing in Portugal. Defendant Unisul-Uniao is the marketing agent for the other defendants. The record reveals that plaintiff was the exclusive sales agent for the defendants for many years prior to September, 1975. In this action he seeks $1,700,000 based essentially on the alleged breach by the defendants of a claimed joint venture agreement entered into on July 9, 1971 in Portugal. Also, plaintiff claims breach of a long-standing exclusive agency arrangement. Defendants contend that there is no joint venture between the parties and that the agreement alluded to by plaintiff merely extended his then expiring exclusive distributorship. Plaintiff claims jurisdiction based upon a levy of attachment which reached assets owned by Unisul-Uniao. Special Term concluded that the four agricultural corporate defendants which utilize defendant Unisul-Uniao as their marketing agent, each of which is alleged to have made separate oral contracts with the plaintiff, did not have any nexus with the United States or New York at least since 1970. Most of the activities relied on by the plaintiff as being of a purposeful business nature allegedly engaged in by defendants were, in fact, conducted at the instance of and through plaintiff himself, in fulfillment of his duties under the agency agreement. As aptly noted by Special Term: "The independent acts in New York by a resident in a contractual relationship with a non-resident may

---

Conveniens in Anglo-American Law, 29 Col L Rev 1 [1929]). It has been stated that "slowly and painfully, American courts are developing a common law of forum non conveniens as a corrective of the serious shortcomings in a law of personal jurisdiction based on mere personal service * * * Forum non conveniens, which now allows discretionary refusal to 'take' *existing jurisdiction,* may then assume the positive function of identifying the *forum conveniens* in terms of substantial contacts such as the plaintiff's residence, the origin of the cause of action or the presence of property" (Ehrenzweig, The Transient Rule of Personal Jurisidction: The Power Myth and Forum Conveniens, 65 Yale LJ 289, 312; emphasis supplied). Indeed, as early as *Dewitt v Buchanan* (54 Barb 31) it was observed that although a court would have jurisdiction over suits between nonresidents as a matter of law, nevertheless as a matter of policy, jurisdiction should be exercised in exceptional cases. Thus, the issue relevant to the doctrine is whether jurisdiction should be exercised, not whether jurisdiction has been obtained, it being assumed or found that jurisdiction had obtained.

2. It is the fact that the court has jurisdiction which serves as the basis for its refusal to entertain that jurisdiction under the doctrine of *forum non conveniens* (see *Irrigation & Ind. Dev. Corp. v Indag, S. A.,* 44 AD2d 543, affd 37 NY2d 522; *Hernandez v Cali, Inc.,* 32 AD2d 192, 196, affd 27 NY2d 903).

not be attributed to the non-resident so as to constitute the transaction of business here within the meaning of the 'long-arm' statute. (Haar v. Armendaris Corp., 31 NY2d 1040 [1973]). Further, there is no sufficient showing of the commission by defendant of any tortious act outside New York causing injury within the State within the purview of CPLR 302 3 (i) and (ii). (See Kramer v. Vogl, 17 NY2d 27, 31 [1966].) The tortious acts alleged in the complaint are premised on defendants claimed participation in a conspiracy whereby they 'are usurping and arrogating to themselves the business of the plaintiff' by refusing since September, 1975, to fill orders for the purchase of food products submitted by plaintiff and by 'continuing to use plaintiff's confidential information and trade secrets' in connection with their sales here since then. This tort cause of action alleges, in essence, that defendants engaged in a conspiracy to breach their contract with plaintiff, and such does not constitute a valid cause of action (Bereswill v. Yablon, 6 NY2d 301 [1959]). However, plaintiff's contention that defendants are subject to this court's jurisdiction under CPLR 301 is untenable. The acts of plaintiff in New York were not those of defendants, since it is clear that defendants exercised no control over plaintiff's activities in furtherance of his status as defendants' sales agent (Del Bello v. Japanese Steak House, Inc., 43 AD2d 455, 457 [4th Dept., 1974]; cf. Frummer v. Hilton Hotels Int., 19 NY2d 533 [1967])." Therefore, under Special Term's reasoning, as to the corporate defendants other than defendant Unisul-Uniao, the failure to obtain personal jurisdiction under the "long-arm" statute mandated dismissal of the causes of action asserted against said defendants pursuant to CPLR 3211 (subd [a], par 8). However, as to defendant Unisul-Uniao, plaintiff prior to service of a summons and complaint obtained issuance of an order of attachment under which he levied on property in which this defendant has an interest. This attachment is sufficient as a predicate for jurisdiction quasi in rem with respect to plaintiff's claim for money damages against Unisul-Uniao. In this context, the invocation by said defendant of the doctrine of *forum non conveniens* is viable and such ground may serve as a predicate for Special Term's declination to exercise quasi in rem jurisdiction (see *Hadjioannou v Avramides,* 40 NY2d 929; *Donawitz v Danek,* 53 AD2d 679). Accordingly, assuming Special Term was correct in its conclusion that jurisdiction was not obtained over the defendants other than quasi in rem jurisdiction over Unisul-Uniao, the jurisdictional predicate for application of the equitable doctrine of *forum non conveniens* as to those defendants was not present. Nevertheless, we need not consider this anomalous aspect of the determination appealed from, because on this record it must be concluded that defendants have waived their jurisdictional objections. Defendants do not controvert plaintiff and his counsel's assertion that after this action was instituted, defendants removed this action to the United States District Court for the Southern District of New York and moved in that court for dismissal of this action on the grounds of failure to state a cause of action and for summary judgment; that plaintiff opposed and was successful in having this matter remanded to the State court where it was commenced because of lack of diversity jurisdiction in the Federal court. This activity by defendants necessarily constitutes a submission to the jurisdiction of the State court and effected a waiver of their jurisdictional objections *(Farmer v. National Life Assn. of Hartford,* 138 NY 265). Parenthetically, it is noted that the defendants in initiating their motion to dismiss the complaint by way of order to show cause dated February 19, 1976 and supported by an affidavit dated February 18, 1976, asserted only the claim of *forum non conveniens* and it was not until April 28, 1976, in a reply affidavit that they,

for the first time, raised any objection to personal jurisdiction or sought any relief under CPLR 3211 (subd [a], pars 8, 9). With respect to the application of *forum non conveniens* I am in accord with the analysis of Special Term wherein it was observed that "it is the court's opinion that 'on balancing the interests and convenience of the parties and the courts [this] action could better be adjudicated in' Portugal, since 'it plainly appears that New York is an inconvenient forum and that another is available which will best serve the end of justice and the convenience of the parties' (Silver v. Great American Ins. Co., 29 NY2d 356, 360, 361). Although the New York residency of a party is an important factor, and plaintiff has resided here for over 15 years, he is still a Portuguese national and makes frequent business trips to his native land. He has a fluent command of the Portuguese language and has not claimed that the prosecution of his action requires testimony of non-Portuguese speaking residents of the United States other than his wife, whereas defendants are clearly not proficient in English. Further, the transaction giving rise to the contractual aspect of this litigation arose in Portugal and plaintiff's affidavits furnish little factual support for the conclusory language of the complaint ascribing tortious conduct here by defendants. Lastly, plaintiff has failed to persuade the court that he will not receive a fair trial in Portugal." On this basis I conclude that it was proper to refuse to entertain the plaintiff's action. However, I would add that the issue is a close one when viewed against the recent social history of the country of Portugal. Accordingly, the order of the Supreme Court, New York County, entered August 4, 1976, dismissing the complaint on the ground of *forum non conveniens* upon defendants' consenting to accept service of process in Portugal and on the ground that the court has no jurisdiction of defendants, should be modified, on the law, to the extent of reversing that part which dismisses the complaint pursuant to CPLR 3211 (subd [a], par 8) and, as so modified, the order should be affirmed, without costs and disbursements.