Bentley Kassal, J.
Defendants move, pursuant to CPLR 327, for an order dismissing the complaint on the ground that this court is not a convenient and appropriate forum.
In opposition, plaintiff argues: (1) New York "is the only [jurisdiction] in which all the necessary parties can be brought before the court and in which justice can properly be rendered”; and (2) this motion is premature since plaintiff has not had the opportunity to discover facts to defeat dismissal.
There is merit to plaintiff’s contention that this motion is premature, but not for the reasons assigned.
FACTS
This is a wrongful death action on behalf of the next of kin of a deceased seaman, who was a citizen of the Dominican Republic, against various defendants, allegedly connected with a Panamanian flag vessel, which sank on the high seas killing the seaman and others.
In making this motion, all defendants have joined together "subject to and preserving all jurisdictional and other objections”.
Lack of personal and subject matter jurisdiction is pleaded as defenses in movant’s answer and, specific claims, in amplification of these "jurisdictional objections” appear throughout the moving papers, including, inter alia, the following:
(1) "All of the named defendants are in possession of, and are in a position to urge, substantial and complete defenses which are too numerous to set forth in this affidavit. In general, these defenses (in addition to forum non conveniens) relate to lack of jurisdiction, insufficiency of service of process”.
(2) "There is no need for litigation, and indeed no jurisdictional or 'convenient’ basis for litigation, in New York.
"Defendant asserts and if necessary could establish the fact that it has no operational activity in New York, that jurisdiction in New York is totally lacking, and that attempted service of process here is void. However, that is not the issue now before this Honorable Court. Such issues and defenses have been reserved.” (Emphasis in original.)
*579 ISSUE
Voluminous papers have been submitted on this motion addressed to the issue of the forum non conveniens. In the opinion of this court, however, the threshold issue which must first be resolved is whether defendants can move to dismiss pursuant to CPLR 327 while specifically asserting the critical defense of lack of personal jurisdiction.
defendants’ position
The defendants contend the forum non conveniens issue should be resolved first for the following reasons: "This case has no 'roots’ in New York. Discovery with its attendant high expense and involvement of judges’ time should be avoided where it is abundantly clear that no matter what this plaintiff or other plaintiffs may prove later in other courts, New York will be found to have lacked 'contact’ with the litigation.”
While, at first glance, the proposed procedure appears to be expedient, several legal and practical considerations militate against it.
JURISDICTION
The principle of forum non conveniens, which defendants seek to invoke, "is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute.” (Gulf Oil Corp. v Gilbert, 330 US 501, 507.)
A motion to dismiss pursuant to CPLR 327 is addressed to the court’s discretion to refuse to retain and entertain an action, otherwise properly before it, if the interests of substantial justice suggest that it may more readily be tried elsewhere. (Gulf Oil Corp. v Gilbert, supra; Martin v Mieth, 35 NY2d 414; Silver v Great Amer. Ins. Co., 29 NY2d 356; Varkonyi v S. A. Empresa De Viacao Airea Rio Grandense [Varig], 22 NY2d 333.) It therefore, "presupposes the existence of a valid jurisdiction.” (Wagner v Braunsberg, 5 AD2d 564, 566, mot for rearg and app den 6 AD2d 790.)
Therefore, as suggested by Dean McLaughlin: "Where a court lacks jurisdiction over the subject matter or over the defendant, a motion to dismiss the action should be made under CPLR 3211, and not on grounds of forum non conveniens.” (Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR 301 [1972], p 13.)
*580 Obviously, if it be subsequently determined that the court lacked jurisdiction over a party, any order issued on this motion, would be a nullity. Such a potential exercise in futility would be a disservice to all parties and contrary to the very basis of the doctrine of forum non conveniens, which is to free our courts from unnecessary litigation. (Varkonyi, supra.)
I have found only one reported decision in which the instant issue has previously been considered. In that case, Christovao v Unisul-Uniao De Coop. (55 AD2d 561, app dsmd 41 NY2d 338), the dissenting Justices, by way of dicta, reached a similar conclusion.
PRACTICAL CONSIDERATIONS
In addition to the legal impediments discussed above, certain practical considerations dictate that forum non conveniens issues be postponed until all jurisdictional questions have been resolved. Judicial efficiency compels this result.
As stated by the Court of Appeals in Silver v Great Amer. Ins. Co. (supra, p 361): ' forum non conveniens relief should be granted when it plainly appears that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the convenience of the parties” (emphasis added). In weighing the relative merits of any particular forum, the residence of the parties and the location of potential witnesses are obviously important factors. Thus, the dismissal of the action against one or more of the defendants, due to lack of jurisdiction, could easily affect the balance of convenience between the remaining parties and even the degree to which the litigation is related to this jurisdiction.
Finally, defendants list nine complex pretrial procedures which would "loom in the future” if the forum non conveniens motion were denied. The existence of jurisdiction, however, is a prerequisite to any of these procedures. Thus, the determination of the jurisdictional issues first would certainly be the most expeditious route.
CONCLUSION
It is clear to this court that a motion to dismiss, under CPLR 327 for forum non conveniens may not be made until jurisdiction has been established. Therefore, the motion is denied without prejudice to renewal after pending jurisdictional issues have been resolved.
*581 This determination is based upon the procedural grounds specifically outlined above and does not reach the merits of the defendants’ forum non conveniens application. Hence, any renewal of that motion should be made returnable in Special Term, Part I of this court and need not be referred to me.