Giselle **ROBITAILLE**, a minor by her mother and next friend Patricia Robitaille, and Patricia Robitaille, Individually

v.

Chester **ORCIUCH and Elizabeth Orciuch.**

Civ. A. No. 74–174.

United States District Court,
D. New Hampshire.

Oct. 22, 1974.

James C. Wheat, Wadleigh, Starr, Peters, Dunn & Kohls, Manchester, N. H., for plaintiffs.

Robert A. Backus, Devine, Millimet, Stahl & Branch, Manchester, N. H., for defendants.

## OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION

BOWNES, District Judge.

Plaintiffs are a minor and her mother. They are residents of New Hampshire. Defendants are Connecticut residents. The cause of action arises from an accident which occurred at defendants' home in Connecticut. At the time of the accident, plaintiffs were Connecticut residents. The Connecticut statute of limitations has run and plaintiffs are barred from instituting any action, arising from the accident, in Connecticut courts. Conn.G.S.A. 52–584.

At the time of the accident, defendants were insured by Nationwide Insurance Company. Nationwide Insurance Company has an office, doing business, in Manchester, New Hampshire. Plaintiffs seek to invoke *quasi-in-rem* jurisdiction over the defendants as a result of an attachment by trustee process of the contractual obligations undertaken by the insurer pursuant to a homeowner's liability insurance policy. The issue is whether defendants' insurance policy is a basis for invoking the jurisdiction of this court pursuant to NH RSA 511:1. NH RSA 511:1 provides:

> All property, real and personal, which is liable to be taken in execution, may be attached and holden as security for the judgment the plaintiff may recover.

Both parties agree that the pivotal case is Forbes v. Boynton, 113 N.H. 617, 313 A.2d 129 (1973), which adopted the

New York *Seider* rule. In Seider v. Roth, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966), the court found that an automobile liability policy was a debt owing to the insured and was subject to attachment, even though no judgment had yet been attained. The New York court was, therefore, able to obtain jurisdiction over nonresident defendants on foreign causes of action.

*Boynton* was an action for personal injuries which arose from an automobile accident in Maine between cars operated by a citizen of the State of New Hampshire and a citizen of the State of New York. The New Hampshire Supreme Court held that the automobile insurance policy was an attachable property right. In so holding, the Court severely limited the random application of its decision:

> We are not holding that the *Seider* rule is to be applied generally to all cases of foreign motorists insured by a company with an office in this State and licensed to do business in New Hampshire. We are merely holding that under the circumstances of this case in a suit by a resident of New Hampshire against a resident of New York where the Seider rule prevails the trial court properly denied the defendant's motion to dismiss plaintiff's action. Forbes v. Boynton, *supra*, 313 A.2d at 133.

The factual distinctions between *Boynton* and the case at bar are clear. *Boynton* involved a motor vehicle collision whereas the accident in question arose in the defendant's premises. When an insurance company insures a motor vehicle, it takes the obvious risk that the insured will be involved in an out-of-state accident. Under most insurance contracts, the insurer will have to defend the insured in the foreign jurisdiction. In the present case, the insurer provided the plaintiffs with homeowners' insurance. The accident occurred in the defendants' home. The insurance company in issuing the insurance never took the implied risk that it would be subject to suit in a foreign jurisdiction.

Other facts militate against the extension of jurisdiction. Defendants, as part of their case, may request a view. To transport a New Hampshire jury to Connecticut creates an unreasonable burden; and yet, to deny a view may severely hamper the defense.

The other real distinction is that the present defendants are Connecticut residents. Connecticut does not have the *Seider* rule. A Connecticut resident would not, if the roles had been reversed, been able to obtain judicial relief for injuries received.

Plaintiffs cannot claim undue hardship. Had they remained Connecticut residents, they would have been barred from instituting a personal injury action. In essence, they seek greater rights than they had when the accident occurred. This factor taken in conjunction with the fact that Connecticut does not have the *Seider* rule weighs heavily against the plaintiffs.

The *Boynton* court, in limiting its holding, was well aware of the difficulties that the *Seider* rule has spawned. *Seider* has been severely criticized. Note, Attachment of Liability Insurance Policies, 53 Cornell L.Rev. 1108 (1968); Reese, The Expanding Scope of Jurisdiction Over Non-Residents—New York Goes Wild, 35 Ins.Counsel J. 118 (1968); Comment, Quasi-In-Rem Jurisdiction Based on Insurer's Obligations, 19 Stan. L.Rev. 654 (1967).

In light of the Supreme Court's restrictive language in *Boynton* and the jurisdictional quagmire that *Seider* has produced, I hold that the plaintiffs' lack jurisdiction to proceed in this court.

The motion to dismiss is granted.

So ordered.