Hamilton C. **ADKINS**, Plaintiff,

v.

**NORTHFIELD FOUNDRY AND MA-CHINE COMPANY, a Minnesota Corporation, and Advance Machinery Company, Inc., a Kentucky Corporation, Defendants.**

No. 4–74–Civ. 17.

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 5, 1974.

James D. Steiner, Robins, Davis & Lyons, Minneapolis, Minn., for plaintiff.

Harold J. W. Sweet, Cousineau, McGuire, Shaughnessy & Anderson, Minneapolis, Minn., for defendant Advance Machinery Co.

## MEMORANDUM

LARSON, District Judge.

Defendant Advance Machinery Company, Inc. (Advance) seeks to dismiss the cause of action brought against it on the grounds that the attempted quasi in rem jurisdiction established over Advance by the plaintiff Hamilton C. Adkins (Adkins) is defective. Advance moves, in the alternative, to dismiss the plaintiff's cause of action on the grounds that the applicable two year Indiana statute of limitation period had expired prior to completion of adequate service upon Advance.

The cause of action arose over an injury suffered by Adkins on January 13, 1972, while operating a shaper on the premises of his employer, the Schmidt Cabinet Company, Inc., at New Salisbury, Indiana. Adkins alleges in his complaint that the shaper at which he was injured was manufactured by defendant Northfield Foundry and Machinery Company (Northfield) located in Northfield, Minnesota, and sold to Schmidt by Advance, an intermediate seller.

The complaint in this action was filed on January 9, 1974, and summons were issued for the two defendants. Defendant Northfield was personally served in Northfield, Minnesota, on January 10, 1974. Neither that service nor jurisdiction over Northfield is presently before the Court.

Adkins commenced his action against Advance by the service of a garnishment summons on the Maryland Casualty Company, an insurer of Advance which does business in Minnesota, by utilizing the quasi in rem jurisdiction method as set forth in M.S.A. § 571.41 Subd. 2(2). The garnishment summons was served on the Insurance Department of the State of Minnesota as agent for Maryland Casualty Company, Inc., on January 10, 1974, pursuant to M.S.A. § 60A.19. Advance was additionally served personally in Louisville, Kentucky, on January 17, 1974.

The principal issue presented in this motion is whether a nonresident plaintiff may establish valid quasi in rem jurisdiction over a nonresident defendant when neither has significant contacts with the State of Minnesota.

The use of garnishment statutes to establish quasi in rem jurisdiction over a nonresident defendant was first adopted by the New York Court of Appeals in Seider v. Roth, 17 N.Y.2d 111, 269 N.Y. S.2d 99, 216 N.E.2d 312 (1966). The constitutionality of the garnishment of insurance obligations in *Seider* was upheld in Simpson v. Loehmann, 21 N.Y.2d 305, 287 N.Y.S.2d 633, 234 N.E.2d 669 (1967). The Second Circuit sitting *en banc* held the procedure constitutional in Minichiello v. Rosenberg, 410 F.2d 106 (2nd Cir. 1968), cert. denied 396 U.S. 844, 90 S.Ct. 69, 24 L.Ed.2d 94, reh. denied, 396 U.S. 949, 90 S.Ct. 370, 24 L. Ed.2d 254 (1969). The *Minichiello* Court did establish procedural limitations for the New York garnishment of insurer obligations, however, and in upholding the constitutionality of this procedure, placed great reliance on the fact that the plaintiff in the case was a New York resident.

The use of garnishment of insurance obligations to establish quasi in rem jurisdiction over nonresident defendants was approved in this District in Rintala v. Shoemaker, 362 F.Supp. 1044 (D. Minn.1973). In his thoughtful and thorough opinion, the late Judge Neville articulated three limitations on the use of this procedure:

1. Proper notice must be given to the defendant-insured to give him an

adequate opportunity to defend his property.

2. The maximum exposure of the defendant is the limit of his insurance policy.

3. The use of this procedure is limited to residents of the forum.

The first two limitations are not at issue here. However, the record shows that Adkins is a resident of Indiana and that the accident in question occurred in Indiana. This Court feels constrained to limit the use of garnishment of insurance obligation as a means to establish quasi in rem jurisdiction to cases where either the plaintiff is a resident of this forum or the accident occurred here.

In addition to the courts in *Rintala* and *Minichiello* asserting this limitation, several courts have denied *Seider* type jurisdiction when the plaintiff was not a resident of that forum. Vaage v. Lewis, 29 A.D.2d 315, 288 N.Y.S.2d 521 (1969); Farrell v. Piedmont Aviation, Inc., 411 F.2d 812 (2nd Cir. 1969). New Hampshire recently joined the jurisdictions recognizing *Seider* type quasi in rem jurisdiction in Forbes v. Boynton, 313 A. 2d 129 (1973). But in *Boynton* the plaintiff was a resident of New Hampshire and the Court emphasized the interest of New Hampshire in providing a forum for its residents to obtain redress for out-of-State automobile accidents.

One of the principal reasons to limit *Seider* type jurisdiction is that without such limitations, blatant forum shopping would be possible. *See Rintala, supra,* at 1056. Further, this limitation is required to give the forum State a recognizable and protectable interest and to prevent an unfair burden that might be placed upon both the nonresident defendant and its insurance company.

Adkins urges this Court to extend the *Seider* and *Rintala* style jurisdiction to allow a nonresident plaintiff to utilize its procedure. He asserts that the fact that personal jurisdiction has been established over defendant Northfield, a Minnesota corporation, establishes sufficient contacts with Minnesota to justify bringing the second nonresident defendant into this action. The Court feels that this argument does not dispel its concerns about forum shopping or fairness to the nonresident defendant. Further, as the Court in *Farrell, supra,* stated in discussing this point:

" . . . we are convinced that the constitutional doubt with respect to applying Seider v. Roth in favor of nonresidents would be exceedingly serious." 411 F.2d at 817.

Therefore, the Court grants defendant Advance's motion to dismiss for lack of jurisdiction over it. By so doing, the Court does not find it necessary to discuss the statute of limitations issue.