PUBLIC ADMINISTRATOR OF the COUNTY OF NEW YORK, as Administrator of the Estates of Dimitrios Laderos, et al., Plaintiffs,

v.

UNIMAR SHIPPING CO., LTD., Defendant.

No. 74 Civ. 5028.

United States District Court, S. D. New York.

Sept. 15, 1975.

**314**

Lebovici & Safir, New York City, for plaintiff.

Cichanowicz & Callan, New York City, for The Steamship Mut. Underwriting Ass'n, Ltd., garnishee.

## OPINION AND ORDER

PIERCE, District Judge.

Garnishee Steamship Mutual Underwriting Association, Limited, moves before this Court for an order vacating an order of attachment granted by this Court on November 18, 1974, and for an order vacating and setting aside the service of said order and dismissing the complaint.

### FACTS

The Public Administrator of the State of New York commenced this $3,500,000 damage action for wrongful death on the high seas on behalf of the estates of nine Greek seamen who were lost en route from Norway to Spain while serving aboard the steamship Theodore AS, a merchant vessel flying the flag of the Republic of Cyprus. The Theodore AS was owned and operated by defendant Unimar Shipping, Ltd., a corporation established under the laws of Cyprus. The vessel was insured against certain liability by the garnishee, Steamship Mutual, a marine insurance company established under the laws of the United Kingdom. Steamship Mutual's correspondent in the United States is Lamorte Burns & Co., Inc., a New York corporation with an office and place of business in the City of New York.

The Public Administrator asserts that this Court has jurisdiction under the Jones Act, 46 U.S.C. § 688, the Death on the High Seas Act, 46 U.S.C. § 761 et seq. and general Maritime Law (28 U.S. C. § 1333). It is asserted that this is a case of maritime jurisdiction within the meaning of Rule 9(f) Fed.R.Civ.P.

Personal jurisdiction over the defendant was sought pursuant to an attachment under § 6201 N.Y. C.P.L.R. (McKinney 1972). Specifically, this Court ordered said attachment upon Steamship Mutual's obligation to defend Unimar, in the manner allowed by *Seider v. Roth,* 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N. E.2d 312 (1966). The order of attachment was served on Lamorte Burns, alleged by plaintiff to be the general or managing agent for Steamship Mutual. A copy of the summons and complaint was served upon Mr. Sigalas, an officer of defendant Unimar, in Pireaus, Greece.

### DISCUSSION

In their moving papers, counsel for Steamship Mutual assert numerous grounds upon which this Court should decide to vacate the attachment order. The garnishee asserts that (1) no personal jurisdiction is present because *Seider*-style attachments may be had only on behalf of plaintiffs who are residents of the State of New York; (2) N.Y.Insur.L. § 167 excludes direct action suits against maritime insurers; and (3) there is here no attachable obligation of Steamship Mutual within the meaning of *Seider.* The Public Administrator's memorandum in opposition invokes the maritime jurisdiction of this Court, urges that the defendant is substantially present in this state, and argues that the obligation of Steamship Mutual is attachable here.

This Court has subject matter jurisdiction over actions such as this one by reason of the Acts of Congress cited by plaintiff. Thus, plaintiff urges federal question jurisdiction upon this Court, the amount in controversy being in excess of $10,000 (28 U.S.C. § 1331). However, in this case personal jurisdiction was sought pursuant to New York Law, through the troublesome mechanism of *Seider v. Roth*.

In *Seider*, the New York Court of Appeals held that the obligation of an insurance carrier to investigate and defend the insured constituted an attachable obligation through which to obtain personal jurisdiction over the insured. The concept of jurisdiction by attachment of obligation is bottomed in the doctrine of *Harris v. Balk*, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023 (1905). *Seider*, however, evoked much criticism, see, e. g., Stein, *Jurisdiction by Attachment of Liability Insurance*, 43 N.Y.U.L.Rev. 1075 (1968), and was upheld as constitutional by the Second Circuit under limited circumstances in *Minichiello v. Rosenberg*, 410 F.2d 106 (2d Cir. 1968), *aff'd en banc*, 410 F.2d 117 (2d Cir.), *cert. denied*, 396 U.S. 844, 90 S.Ct. 69, 24 L.Ed.2d 94 (1969). In *Minichiello*, the court strongly intimated that a *Seider* attachment would unconstitutionally offend due process if the State was neither the place of injury nor the plaintiff's residence.

Subsequently, in *Farrell v. Piedmont Aviation, Inc.*, 411 F.2d 812 (2d Cir.), *cert. denied*, 396 U.S. 840, 90 S.Ct. 103, 24 L.Ed.2d 91 (1969), the same court held that a *Seider* attachment could not lie where a New York administrator sued on behalf of out-of-state beneficiaries, attaching a liability policy in this state covering nonresident corporate defendants. The court wrote that "we are convinced that the constitutional doubt with respect to applying *Seider v. Roth* in favor of nonresidents would be exceedingly serious." 411 F.2d at 817. ■■ The Public Administrator attempts to distinguish the authority of

*Farrell* on two grounds. First, it is urged that *Farrell* should not control because that decision was rendered in a diversity case. Second, it is argued that in this case the defendant has more contacts with New York than was the situation in *Farrell*. Specifically, the Administrator alleges that two corporate officers and shareholders of Unimar are residents of New York. However, this argument must fall; it is the plaintiff's residence, not the defendant's agent's residence, which determines whether plaintiff may be granted a *Seider* attachment. *Farrell, supra*. Further, the Administrator's argument that his own residence is sufficient for an attachment order was specifically rejected in *Farrell*:

"The only remaining argument, that the plaintiffs here are New York citizens, requires litle discussion. There would be no basis in reason for different treatment of an action by a nonresident who suffered serious injuries or by a nonresident executor of a nonresident who was killed, on the one hand, and one by a New York citizen who had been appointed administrator of a nonresident decedent on the other. *The constitutional doubt arises from New York's lack of meaningful contact with the claim . . . .*" 411 F.2d at 817 (emphasis added).

■ This Court determines that the *Farrell* decision is controlling in this case, despite the fact that *Farrell* was a diversity case and this case is a federal question case. Regardless of the nature of this Court's subject matter jurisdiction, in the case of an attachment to gain jurisdiction over the person of the defendant, this Court must employ the procedural devices of the State in which it sits. Rule 4(e)(2) Fed.R.Civ.P. It is clear that under the Jones Act, the Death on the High Seas Act, and under general Maritime Law, federal courts have followed State process, particularly in regard to attachments. See, e. g., *Elefteriou v. Tanker-Archontissa*, 443 F.2d 185, 187–88 (4th Cir. 1971) (fol-

lowing State longarm statute in Jones Act case); *Donnelly v. Kellog Co.*, 293 F.Supp. 53 (S.D.Fla.1968) (quashing service invalid under State law in Death on the High Seas Act case); *Patel Cotton Co. v. The Steel Traveler*, 108 F. Supp. 595 (S.D.N.Y.1952) (State foreign attachment statute employed in libel action).

■■ The Public Administrator cannot invoke the *Seider* procedure and then ask this Court to ignore the carefully constructed limitations on that doctrine upon which the constitutionality of the process rests. In this case the real parties in interest are not in this State; the decedents were Greek residents, their survivors are Greek residents, the defendant corporation is a Cyprus corporation, and the insurer attached is a British corporation. The events sued upon took place while the Theodore SA was en route between Norway and Spain. Even if the obligation of the defendant's insurer is attachable here by reason of the presence of Lamorte Burns, an issue which this Court does not reach, that obligation can be attached only where the State of New York has the substantial interest of protecting its own residents. *Farrell, supra,* at 817. *Minichiello, supra,* at 110 & n. 6.

■ The Administrator's final argument, that the United States citizenship of Francesca Logothetis, the daughter of one of the seamen, gives New York a sufficient interest to allow a *Seider* attachment fails both in fact and in law. First, Miss Francesca Logothetis is not even a beneficiary of one of the nine estates suing in this action; the estate of her father is before this Court in a separate action (74 Civ. 3182). Further, even if some of the beneficiaries were United States citizens, a *Seider* attachment still could not lie; it is residence, not citizenship, that is determinative.

If this Court vacates the attachment order, it must also vacate service and dismiss the complaint, in that the at-

tachment is the only basis of jurisdiction over the defendant. In response to this possibility, the Administrator urges that the survivors will be without remedy, due to the political situation in Cyprus and on the basis of certain allegations as to applicable Greek law. While this Court does not decide these questions, it notes that the Administrator urges that Unimar is "present" here through the residence of some of its major stockholders. If this be the case, then personal jurisdiction may be achieved through other means. The Court intimates no view as to these questions; it simply holds that the manner in which this action was brought cannot be sustained. Accordingly, it is hereby ordered that the order of attachment issued by this Court on November 17, 1974, is vacated, the service of said order is vacated and set aside, and the complaint is dismissed without prejudice.

So ordered.