245 N.W.2d 624 (1976)
Jeffrey D. SAVCHUK, Respondent,
v.
Randal RUSH and State Farm Mutual Automobile Insurance Company, garnishee, Appellants.
No. 45556.
Supreme Court of Minnesota.
September 10, 1976.
*626 Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, O. C. Adamson, II, and James F. Roegge, Minneapolis, for appellants.
Schermer, Schwappach, Borkon & Ramstead and John D. Mariani and Richard I. Diamond, Minneapolis, for respondent.
Heard before SHERAN, C.J., and OTIS, TODD, MacLAUGHLIN, and SCOTT, JJ., and considered and decided by the court en banc.
SHERAN, Chief Justice.
Appeal by defendant, Randal Rush, and garnishee, State Farm Mutual Automobile Insurance Company (State Farm), from an order by the district court granting plaintiff's motion to file and serve a supplemental complaint and denying appellants' motion to dismiss the complaint. We affirm the decision of the trial court for these reasons:
(1) Minn.St. 571.41, subd. 2, was enacted by the legislature to permit garnishment of an insurer's obligation to an insured, even though not due absolutely and without contingency.
(2) Rule 4.04(2), Rules of Civil Procedure, which provides in part, "When quasi in rem jurisdiction [is] obtained, a party defending such action thereby submits personally to the jurisdiction of the court," applies in cases where jurisdiction is obtained pursuant to § 571.41, subd. 2, only to the extent of the defendant's policy limits.
(3) Possible injustice to the defendant in situations where jurisdiction is obtained pursuant to § 571.41, subd. 2, can be controlled by application of the doctrine of forum non conveniens.
The case arose out of a single-car accident which occurred January 13, 1972, in Elkhart, Indiana. The accident involved a car driven by Rush and owned by his father, in which Jeffrey D. Savchuk was a passenger. The Rush car was insured by State Farm. Rush and Savchuk were both residents of Indiana at the time of the accident. Savchuk, a senior in high school when the accident occurred, moved to Minnesota with his parents in June 1973 and is now an employed and married resident of this state.
The instant action was commenced May 28, 1974, when Savchuk served a garnishment summons on State Farm. Service was made by delivery of a copy of the summons to the commissioner of insurance for the state of Minnesota, pursuant to Minn.St. 60A.19. A copy of the garnishment summons, along with copies of the summons and complaint, was also served personally on Rush in Indiana. The complaint alleged negligence and sought $125,000 in damages.
In response to the garnishment summons, State Farm disclosed pursuant to § 571.49 that nothing was due and owing Rush as judgment debtor. Savchuk then moved the trial court for permission to file a supplemental complaint making the garnishee, State Farm, a party to the action pursuant to § 571.51. Rush and State Farm responded by moving for dismissal on the following grounds: Lack of subject-matter jurisdiction, lack of jurisdiction over the defendant, insufficiency of process, and insufficiency of service of process. Since the jurisdictional challenge raised by the motion to dismiss also raised a question as to the constitutionality of the application on these facts of § 571.41, the attorney general was invited to intervene. That invitation was declined. The respective motions were then heard by the court. His order granting Savchuk's motion for leave to file a supplemental *627 complaint and denying the motion of Rush and State Farm to dismiss precipitated this appeal.
Two main issues are presented: (1) Is the obligation of an insurance company to defend and indemnify a nonresident insured under an automobile liability insurance policy a garnishable res in Minnesota for the purpose of obtaining quasi-in-rem jurisdiction when the incident giving rise to the action occurs outside Minnesota but the plaintiff in the action is a resident of Minnesota? (2) If the obligation of an insurance company to defend and indemnify its insured is a garnishable res, does its seizure and the resultant quasi-in-rem jurisdiction conform with constitutional requirements of due process?
1. Appellants contend that an insurance company's obligation to defend and indemnify its insured cannot constitute a res garnishable under Minn.St. 571.41, subd. 2, because such an obligation is not "due absolutely, and without depending on any contingency," as required by § 571.43(1).[1] In effect, appellants argue that the prejudgment garnishment sanctioned by subd. 2 of Minn.St. 571.41 can be obtained only when the "due absolutely, and without * * * any contingency" language of § 571.43(1) is first satisfied.
It seems to us that the intent of the legislature in enacting § 571.41, subd. 2, was to specify a limited number of instances in which garnishment (and quasi-in-rem jurisdiction) would be available before judgment, regardless of whether the debt on which the garnishment was predicated was due absolutely.
Several reasons support this conclusion. First, the language of § 571.41, subd. 2, itself indicates that the test for determining the validity of prejudgment garnishment when the garnishee and debtor are parties to a contract of insurance is not whether the debt is due absolutely but rather whether the garnishee "may be held to respond" for the claim asserted against the debtor. State Farm's potential liability is conceded here, and potential liability is all that subd. 2 requires.[2]
Second, § 571.41, subd. 2, is both more recent in origin and more specific in language than § 571.43.[3] Because we perceive an irreconcilable conflict between these two statutory provisions, § 571.41, subd. 2, controls.[4] Minn.St. 645.26.
*628 Third, our interpretation of § 571.41, subd. 2, as permitting prejudgment garnishment and the establishment of quasi-in-rem jurisdiction in the circumstances here presented is consistent with two often-stated positions of this courtnamely, our interest in providing a forum to residents of this state and our determination in long-arm cases to extend the jurisdiction of our courts to the maximum limits consistent with due process.[5]
We therefore hold that under § 571.41, subd. 2, an automobile insurance company's obligation to defend and indemnify its insured is a res subject to prejudgment garnishment for the purpose of obtaining quasi-in-rem jurisdiction when the incident giving rise to the action occurs outside the state of Minnesota but the plaintiff in the action is a resident of Minnesota.
2. The test for determining the constitutionality of the prejudgment garnishment procedure authorized by Minn.St. 571.41, subd. 2, is threefold: (1) Proper notice must be given to the defendant-insured, affording him adequate opportunity to defend his property; (2) the defendant cannot be exposed to liability greater than the amount of his insurance policy; (3) the procedure may be utilized only by residents of the forum state. Minichiello v. Rosenberg, 410 F.2d 106, 117 (2 Cir. 1968, 1969); Rintala v. Shoemaker, 362 F.Supp. 1044 (D.Minn.1973).
Plaintiff was a resident of the state at the time this action was commenced,[6] and proper notice was given.[7] The constitutional issue therefore reduces to a question of defendant's potential liability if the procedure authorized by subd. 2 of § 571.41 is permitted. Appellants argue that Rule 4.04(2), Rules of Civil Procedure, which states in part that "[w]hen quasi in rem jurisdiction [is] obtained, a party defending such action thereby submits personally to the jurisdiction of the court," means that a defendant in Rush's position[8] would find himself exposed to potentially unlimited personal liability in an action in which the plaintiff originally could have obtained only quasi-in-rem jurisdiction. Because of Rule 4.04(2), appellants argue, quasi-in-rem jurisdiction, with liability limited to the policy amount, is transformed into personal jurisdiction with potential liability extended beyond the policy limits.
If appellants correctly state the effect of Rule 4.04(2) in these circumstances, it is obvious that due process would be violated. Rintala v. Shoemaker, 362 F.Supp. 1044, 1054; Podolsky v. Devinney, 281 F.Supp. 488 (S.D.N.Y.1968). The underlying question here, however, is not the effect of Rule 4.04(2), but whether in fact the rule applies to a case of this kind.
New York was the first state to permit a procedure for obtaining jurisdiction similar to the procedure invoked here. Seider v. *629 Roth, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966). New York also had a rule similar to Rule 4.04(2), but when the issue of the rule's applicability was raised, the New York Court of Appeals simply held that it did not apply in Seider-type cases. Simpson v. Loehmann, 21 N.Y.2d 990, 290 N.Y.S.2d 914, 238 N.E.2d 319 (1968) (per curiam opinion denying reargument). Thus, in New York, even though the defendant proceeds with the defense on the merits, he does not become personally exposed. New Hampshire has reached a similar conclusion. Forbes v. Boynton, 113 N.H. 617, 313 A.2d 129 (1973). Today we do likewise.
Basic considerations of fairness underlie our decision. The United States Supreme Court has indicated that a defendant must act to purposefully avail himself of the privilege of conducting activities in the forum state before personal jurisdiction over him may be properly asserted. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Defendant Rush had engaged in no such voluntary activity; personal jurisdiction over him could not be justified. Plaintiff's reduction of his claim to $50,000, the policy limits, is an implicit recognition of this fact.
But to say that personal jurisdiction would not be justified, and to hold, as we do, that Rule 4.04(2) has no application in cases where jurisdiction is obtained pursuant to Minn.St. 571.41, subd. 2, is not to say that no jurisdiction over the defendant can be maintained. On the contrary, considerations of fairness suggest the need for quasi-in-rem jurisdiction obtainable via a prejudgment garnishment procedure like that permitted by § 571.41, subd. 2. In cases of this kind, the insurer controls the defense of the case. Simpson v. Loehmann, 21 N.Y.2d 305, 287 N.Y.S.2d 633, 234 N.E.2d 669 (1967). Minimum contracts sufficient to provide a constitutional basis for the attachment and quasi-in-rem (as distinguished from personal) jurisdiction can be found in the fact that the insurer is present in the state, registered to do business and doing business here, and in the state's legitimate interest in protecting its residents and providing them with a forum in which to litigate their claims.[9]Rintala v. Shoemaker, D.C., 362 F.Supp. 1044, 1057; Forbes v. Boynton, 113 N.H. 617, 623, 313 A.2d 129, 132.
We therefore held that due process is not violated when jurisdiction is obtained pursuant to § 571.41, subd. 2, provided that (1) proper notice is given to the defendant-insured, adequate to give him opportunity to defend his property; (2) that the defendant-insured's liability is limited to the applicable policy limits of his insurance contract; and (3) that the plaintiff in the action is a resident of the state at the time the action is commenced.
3. Appellants' argument that the procedure authorized by § 571.41, subd. 2, constitutes a direct action against the insurer was not raised below. The defendant, not the insurer, is the party sued. There is nothing in the statute which suggests that the insurer should be named as a defendant. Rintala v. Shoemaker, D.C., 362 F.Supp. 1044, 1051.
We recognize that other states have rejected the procedure we approve.[10] We further *630 recognize that some critics view Seider-type jurisdiction as a solution which creates more problems than it solves.[11] We limit our discussion of these problems to the following observations:
The potential hardship on defendants who may be required to come long distances to defend claims legitimately brought by Minnesota plaintiffs is reduced by the availability of convenient transportation and by the fact that in many cases the defendant's testimony can be obtained by deposition. Where this is not possible, the hardship and expense of travel will ordinarily be no greater for the defendant than it would be for the injured party should jurisdiction be refused.
A quasi-in-rem judgment against the defendant would apparently not work an estoppel against the defendant if the plaintiff attempts to sue again outside the state of Minnesota to recover amounts beyond the policy limits. Minichiello v. Rosenberg, 2 Cir., 410 F.2d 106, 112; Note, 65 Harv.L.Rev. 818, 834. Any hardship to the defendant arising out of a potential second suit against him is no more than has always existed in quasi-in-rem actions. Often, as here, a second suit will be impossible because the statute of limitations has run in the only available alternate forum. Ordinarily, a second suit against a remote defendant whose liability insurance has been exhausted would seem unlikely.
Finally, and most significantly, if jurisdiction is technically proper under § 571.41, subd. 2, but it nonetheless involves inconvenience for the defendant which outweighs the plaintiff's interest in a Minnesota forum and other relevant factors, then the trial court in its discretion can always grant a motion to dismiss on the grounds of forum non conveniens. Willoughby v. Hawkeye-Security Ins. Co., 291 Minn. 509, 189 N.W.2d 165 (1971). In considering such a motion to dismiss, the trial judge would be justified in conditioning his ruling upon the willingness of the plaintiff to satisfy his claims against the defendant upon exhaustion of the policy limits.[12]
For the reasons stated, we conclude that it was not unfair on these facts to require defendant and State Farm to defend this action in Minnesota, and the decision of the trial court is therefore affirmed.
Affirmed.
OTIS, Justice (dissenting).
This is a case wherein two residents of Indiana were involved in an automobile accident in Indiana. One of the drivers (Rush) had purchased an automobile liability policy from State Farm Mutual Automobile Insurance Company. A year and a half after the accident the other Indiana resident (Savchuk) left that state and moved to Minnesota, whereupon he commenced this lawsuit against Rush for injuries suffered in the accident. As Minnesota courts could not constitutionally assert personal jurisdiction over Rush, Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958),[1] *631 Savchuk sought to acquire quasi-in-rem jurisdiction.[2] However, Rush has no property in Minnesota. Consequently, Savchuk served a garnishment summons upon State Farm in an attempt to garnish any debt due and owing Rush by State Farm. In support of his action, Savchuk relies upon Minn.St. 571.41, subd. 2, relevant portions of which read:
"Subd. 2. Garnishment shall be permitted before judgment in the following instances only:
"(1) For the purpose of establishing quasi in rem jurisdiction
* * * * * *
"(c) the defendant is a nonresident individual, or a foreign corporation, partnership or association.
"(2) When the garnishee and the debtor are parties to a contract of suretyship, guarantee, or insurance, because of which the garnishee may be held to respond to any person for the claim asserted against the debtor in the main action."
It is not disputed that Rush is a nonresident individual; thus, subd. 2(1)(c) is satisfied and this case is a proper case for the exercise of quasi-in-rem jurisdiction.[3] It is also not disputed that State Farm and Rush are parties to a contract of insurance within the meaning of subd. 2(2). The question is whether, and to what extent, any obligation owed by State Farm can provide a means by which Savchuk can obtain quasi-in-rem jurisdiction over Rush.
Quasi-in-rem jurisdiction over a nonresident by the service of a garnishment summons on the defendant's nationwide insurer is a creature of Seider v. Roth, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966). As the majority notes, the Seider procedure has been held improper as a matter of Federal maritime law[4] as well as of the law of almost all the states which have considered it.[5] Only an inferior court in one other state has adopted it.[6] Commentary has been highly critical.[7] Even in the state of its birth, the procedure remains only because of the opinion of Judge Charles D. Breitel, in which Judge Bergan concurred, in Simpson v. Loehmann, 21 N.Y.2d 305, 287 N.Y.S.2d 633, 234 N.E.2d 669 (1967), the case which reaffirmed Seider. Judge Breitel, appointed to the New York Court of Appeals after Seider, and replacing one of the judges who was in the 4-3 majority in that case, and Judge Bergan, who had dissented in Seider, cast the deciding votes in Simpson for the following reason:
"* * * Only a major reappraisal by the court, rather than the accident of a change in its composition, would justify the overruling of that precedent. Yet the theoretical unsoundness of the Seider case and the undesirable practical consequences of its rule require some comment *632 if only, perhaps, to hasten the day of its overruling or its annulment by legislation.
"It is the most tenuous of nominalist thinking that accords the status of an asset, leviable and attachable, to a contingent liability to defend and indemnify under a public liability insurance policy.
* * * * * *
"Accordingly, I concur to affirm but only because the institutional stability of a court is more important than any single tolerable error which I may believe it has committed." 21 N.Y.2d 314, 287 N.Y.S.2d 640, 234 N.E.2d 674.
Some of the undesirable practical consequences have already arisen. Thus, New Hampshire has adopted the rule that if the nonresident defendant lives in a state which has adopted Seideri.e., New Yorkthen that defendant's insurer can be garnished in New Hampshire if the insurer does business there. Forbes v. Boynton, 113 N.H. 617, 313 A.2d 129 (1973).[8] On the other hand, if the defendant lives in a state which has rejected Seidere.g. Connecticutthen his insurer cannot be garnished. Robitaille v. Orciuch, 382 F.Supp. 977 (D.N.H.1974). In Vaage v. Lewis, 29 A.D.2d 315, 288 N.Y.S.2d 521 (1968), New York was presented with a case in which a Norwegian resident attempted to garnish in New York the insurer of a North Carolina defendant with respect to an accident which took place in North Carolina. It was held that allowing garnishment in that case would violate the principles of forum non conveniens and due process.[9] In light of the fact that most of our sister states which have considered Seider have rejected it, that the commentary is uniformly critical, that a majority of the court which spawned Seider now believes it to be in error, and mindful of its potentially undesirable consequences, I would decline to adopt it in Minnesota. Whether or not it is authorized by § 571.41, subd. 2(2), in my opinion it is unconstitutional as applied to the defendant in this case.
The majority opinion limits the use of the Seider procedure to residents of Minnesota. This is probably constitutionally required.[10] As Judge Earl Larson said in Adkins v. Northfield Foundry & Machine Co., 393 F.Supp. 1079, 1081 (D.Minn.1974):
"One of the principal reasons to limit Seider type jurisdictions is that without such limitations, blatant forum shopping would be possible. * * * Further, this limitation is required to give the forum State a recognizable and protectable interest and to prevent an unfair burden that might be placed upon both the nonresident defendant and its insurance company."
In Rintala v. Shoemaker, 362 F.Supp. 1044, 1056 (D.Minn.1973), the late Judge Philip Neville expressed the reasons behind this limitation:
"The fear is that unless this limit is placed on Seider type jurisdiction blatant forum shopping would be possible since many insurance companies, including Aetna, do business in all fifty states. Further, the essential connection between the forum state and the accident at all, the connection which provides the forum state with a recognizable and protectable interest, is that the forum is the residence of the plaintiff. This limit on Seider *633 jurisdiction is not only reasonable but it limits any inconvenience which the insurance company might suffer. The only additional state in which garnishment might be had is the residence of the plaintiff. * * *
"* * * On the facts of this case Aetna is simply exposed to an action in one more jurisdiction than it would be otherwise. This certainly is no intolerable burden on it or a similarly situated garnishee."
In the case at bar, plaintiff and defendant were both residents of Indiana when this accident occurred.[11] At that time, under the limitation on Seider, Rush and State Farm were amenable to suit in only one jurisdictionIndiana. If Savchuk had been a Minnesota resident at that time suit could have been brought in only two statesIndiana and Minnesota. However, if jurisdiction is permissible in this case Rush and State Farm are amenable to suit in all 50 states.
If a motorist in another state drives negligently and injures a Minnesotan, a strong case can be made that this state's interests are sufficiently great to allow our courts to use the Seider procedure for obtaining jurisdiction over the case. As Judge Neville put it, such a motorist "is simply exposed to an action in one more jurisdiction than [he] would be otherwise." 362 F.Supp. 1056. However, allowing a potential plaintiff to move to this state after his cause of action has arisen and to invoke Seider to bring the case to Minnesota means that a plaintiff has a choice of 50 jurisdictions in which to sue. Such a result in my opinion violates due process.[12] Rush did not injure one who was a Minnesota resident on the day of the accident. He should not be forced to defend himself in a Minnesota court.
Under the policies of Schwartz v. Consolidated Freightways Corp., 300 Minn. 487, 491, 221 N.W.2d 665, 668 (1974)advancement of Minnesota's governmental interests and application of the better rule of lawMinnesota's comparative negligence law, and not Indiana's contributory negligence law, will apply. Thus, if Rush injures another Indiana resident in Indiana, and that person is able to establish residence in a new jurisdiction, he may use Seider to bring the defendant in and defend, and avoid Indiana's contributory negligence law. Under the majority opinion, if my next-door neighbor is negligently injured on my property he is free to move to any other state where my homeowners insurer transacts business and force me to defend there.
The majority opinion's answer is that the defendant is free to move to dismiss on grounds of forum non conveniens. However, that presupposes jurisdiction, which I cannot accept.[13]
Accordingly, I would reverse and hold that Minn.St. 571.41, subd. 2(2), is unconstitutional as applied to this case. It would not then be necessary to reach the issue of whether Seider is to become the rule of this state.
NOTES
[1] Minn.St. 571.41, subd. 2, reads in part: "Garnishment shall be permitted before judgment in the following instances only:

"(1) For the purpose of establishing quasi in rem jurisdiction
"(a) when the defendant is a resident individual having departed from the state with intent to defraud his creditors, or to avoid service, or keeps himself concealed therein with like intent; or
"(b) the defendant is a resident individual who has departed from the state, or cannot be found therein, or
"(c) the defendant is a nonresident individual, or a foreign corporation, partnership or association."
Minn.St. 571.43(1) reads: "(1) [No person or corporation shall be adjudged a garnishee by reason of:] (1) Any money or other thing due to the judgment debtor, unless at the time of the service of the summons the same is due absolutely, and without depending on any contingency."
[2] In construing a statute less explicit than the one here in question, the court in Turner v. Evers, 31 Cal.App.3d Supp. 11, 18, 107 Cal.Rptr. 390, 395 (1973), stated: "* * * We disagree with the proposition that the `obligation to indemnify requires a valid in personam judgment against the insured,' and hold the obligation to indemnify requires only the possibility of a valid judgment either against the insured personally or depriving him of his property." (Italics supplied.)

See, also, Rintala v. Shoemaker, 362 F.Supp. 1044 (D.Minn.1973).
[3] Section 571.43 has remained substantially unchanged since 1957; subd. 2 of § 571.41 was added in 1969. Subd. 2 refers specifically to insurance contracts and seems to contemplate precisely the situation presented here. The fact that § 571.43 speaks of "judgment debtor," while § 571.41, subd. 2, applies in a prejudgment context also suggests a reason for being guided by the latter provision. Note, however, that § 571.41, subd. 3, does indicate that § 571.41, subd. 2, parties are properly to be referred to as judgment debtor and judgment creditor, even though no judgment has yet been obtained.
[4] See, Comment, 1 Wm. Mitchell L.Rev. 161, 176, for an analysis of the statute which reconciles the insurance provision of § 571.41 with the contingency provisions of § 571.43. Our view of the two enactments as irreconcilably in conflict was the view taken by the late Judge Philip Neville in Rintala v. Shoemaker, supra.
[5] See, B & J Mfg. Co. v. Solar Industries, Inc., 483 F.2d 594 (8 Cir. 1973) (applying Minnesota law); State ex rel. Nelson v. Nelson, 298 Minn. 438, 216 N.W.2d 140 (1974); Franklin Mfg. Co. v. Union Pacific R. Co., 297 Minn. 181, 210 N.W.2d 227 (1973); Mid-Continent Freight Lines, Inc. v. Highway Trailer Industries, Inc., 291 Minn. 251, 190 N.W.2d 670 (1971); Hunt v. Nevada State Bank, 285 Minn. 77, 172 N.W.2d 292 (1969), certiorari denied sub. nom., Burke v. Hunt, 397 U.S. 1010, 90 S.Ct. 1239, 25 L.Ed.2d 423 (1970).
[6] Application of Minn.St. 571.41, subd. 2, must be limited to plaintiffs who are residents of the forum state, since without this connection the state would lack sufficient meaningful contact with the suit to justify the exercise of jurisdiction. Farrell v. Piedmont Aviation, Inc., 411 F.2d 812 (2 Cir. 1969).
[7] Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), established the notice requirement.
[8] Most automobile insurance policies, including, apparently, the one here, contain a clause which requires the insured to cooperate with the insurer in the defense of any claim. If the insured fails to cooperate, the insurer need not indemnify. The practical effect of the clause means that defendants like Rush must defend in Minnesota or risk losing the right to be indemnified. Rintala v. Shoemaker, 362 F.Supp. 1044, 1054; Comment, 1 Wm. Mitchell L.Rev. 161, 180.
[9] If a forum is not provided, and the plaintiff is thus denied an opportunity to recover, the state may wind up as the "insurer," paying through its welfare and social assistance programs for the care of an individual injured by the insured. As was stated in Rintala v. Shoemaker, D.C., 362 F.Supp. 1044, 1052, the plaintiff in this case is a Minnesota resident, and "[i]t is this state which must protect and care for the plaintiff in the event of indigency [and] this state's services which plaintiff uses."
[10] Ricker v. Lajoie, 314 F.Supp. 401 (D.Vt.1970); Howard v. Allen, 254 S.C. 455, 176 S.E.2d 127 (1970); State ex rel. Government Employees Ins. Co. v. Lasky, 454 S.W.2d 942 (Mo.App.1970); Housley v. Anaconda Co., 19 Utah 2d 124, 427 P.2d 390 (1967); Tessier v. State Farm Mutual Ins. Co., 458 F.2d 1299 (1 Cir. 1972) (interpreting Massachusetts law); Johnson v. Farmers Alliance Mutual Ins. Co., 499 P.2d 1387 (Okl.1972); De Rentiis v. Lewis, 106 R.I. 240, 258 A.2d 464 (1969); Kirchman v. Mikula, 258 So.2d 701 (La.App.1972); Sykes v. Beal, 392 F.Supp. 1089 (D.Conn.1975) (interpreting Connecticut law); Robinson v. O. F. Shearer & Sons, Inc., 429 F.2d 83 (3 Cir. 1970) (interpreting Federal maritime and Pennsylvania law).
[11] The most persistent and prolific critic is Professor David D. Siegel, who, since 1966, has written on Seider in annual supplementary commentaries to N.Y.Civ.Prac. § 5201 (McKinney Supp.1975). Other critical commentary has appeared in Rosenberg, One Procedural Genie Too Many or Putting Seider Back Into Its Bottle, 71 Col.L.Rev. 660; Stein, Jurisdiction by Attachment of Liability Insurance, 43 N.Y.U.L.Rev. 1075; Note, 8 B.C.Ind. & Com.L.Rev. 147; Comment, 16 Buffalo L.Rev. 769; Comment, 67 Col.L.Rev. 550; Note, 71 Dickinson L.Rev. 653; Note, 64 Nw.U.L.Rev. 407; Note, 43 St. John's L.Rev. 58; Comment, 11 San Diego L.Rev. 504; Note, 19 Stanford L.Rev. 654; Comment, 5 Sw.U.L.Rev. 417; Comment, 1 Wm. Mitchell L.Rev. 161.
[12] Imposition of such a condition would be consistent with the policy expressed in Rintala v. Shoemaker, supra, and consonant with our view that this type of jurisdiction should be limited so as to make its exercise fair to both the insurer and the insured.
[1] Rush did not commit any "act by which [he] purposefully avail[ed him]self of the privilege of conducting activities within [Minnesota], thus invoking the benefits and protections of [our] laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, 1298 (1958).
[2] See, Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877).
[3] Subd. 2(1) is merely procedural, defining the types of defendants over which the exercise of quasi-in-rem jurisdiction is proper. Thus, a court must assert personal jurisdiction over a resident defendant who can be found within the state, and cannot proceed quasi in rem. Of course, subd. 2(1) does not say that quasi-in-rem jurisdiction can be asserted over defendants there listed in all cases, for an additional element is neededsomething to garnish, i.e., properly located within this state. "If the non-resident have no property in the State, there is nothing upon which the tribunals can adjudicate." Pennoyer v. Neff, 95 U.S. 714, 723, 24 L.Ed. 565, 569.
[4] Robinson v. O. F. Shearer & Sons, Inc., 429 F.2d 83 (3 Cir. 1970).
[5] Kirchman v. Mikula, 258 So.2d 701 (La.App.1972); State ex rel. Government Employees Ins. Co. v. Lasky, 454 S.W.2d 942 (Mo.App.1970); Johnson v. Farmers Alliance Mutual Ins. Co., 499 P. 1387 (Okl.1972); Jardine v. Donnelly, 413 Pa. 474, 198 A.2d 513 (1964); De Rentiis v. Lewis, 106 R.I. 240, 258 A.2d 464 (1969); Howard v. Allen, 254 S.C. 455, 176 S.E.2d 127 (1970); Housley v. Anaconda Co., 19 Utah 2d 124, 427 P.2d 390 (1967). See, also, Tessier v. State Farm Mutual Ins. Co., 458 F.2d 1299 (1 Cir. 1972); Kirchman v. Mikula, 443 F.2d 816 (5 Cir. 1971); Sykes v. Beal, 392 F.Supp. 1089 (D.Conn.1975); Ricker v. Lajoie, 314 F.Supp. 401 (D.Vt.1970).
[6] Turner v. Evers, 31 Cal.App.3d Supp. 11, 107 Cal.Rptr. 390 (1973). The decision cited in the majority opinion, Forbes v. Boynton, 113 N.H. 617, 313 A.2d 129 (1973), is discussed infra.
[7] See footnote 11 in the majority opinion.
[8] In Forbes the New Hampshire Supreme Court stated: "We are not holding that the Seider rule is to be applied generally to all cases of foreign motorists insured by a company with an office in this State and licensed to do business in New Hampshire. We are merely holding that under the circumstances of this case in a suit by a resident of New Hampshire against a resident of New York where the Seider rule prevails the trial court properly denied the defendant's motion to dismiss plaintiff's action." 113 N.H. 624, 313 A.2d 133.
[9] See, also, Nationwide Mutual Ins. Co. v. Vaage, 265 F.Supp. 556 (S.D.N.Y.1967).
[10] Farrell v. Piedmont Aviation, Inc., 411 F.2d 812 (2 Cir. 1969), affirming 295 F.Supp. 228 (S.D.N.Y.1968); Vaage v. Lewis, 29 A.D.2d 315, 288 N.Y.S.2d 521 (1968); Varady v. Margolis, 303 F.Supp. 23 (S.D.N.Y.1968); Public Admr. of County of New York v. Unimar Shipping Co., Ltd., 401 F.Supp. 313 (S.D.N.Y.1975); Rintala v. Shoemaker, 362 F.Supp. 1044 (D.Minn.1973); Adkins v. Northfield Foundry & Machine Co., 393 F.Supp. 1079 (D.Minn.1974).
[11] Plaintiff's statement of the case indicates that all of the witnesses and records, as well as a treating physician, are located in Indiana, except for plaintiff's family and two Minnesota physicians who, presumably, treated him after he moved to Minnesota.
[12] In the only reported case where this issue was presented, Robitaille v. Orciuch, 382 F.Supp. 977 (D.N.H.1974), jurisdiction was denied on other grounds. See the discussion of Robitaille and Forbes v. Boynton, 113 N.H. 617, 313 A.2d 129 (1973), supra.
[13] "The district courts of this state may fairly exercise their discretion in declining to accept jurisdiction of transitory causes of action brought here by citizens or noncitizens of this state who are nonresident when it fairly appears that it would be more equitable that the cause of action be tried in some other available court of competent jurisdiction." Johnson v. Chicago, B. & Q.R. Co., 243 Minn. 58, 79, 66 N.W.2d 763, 776 (1954).